(8 Misc. Rep. 39.)

## PHILLIPS v. EHRMANN.

### (City Court of Brooklyn, General Term. April 24, 1894.)

LANDLORD AND TENANT—INJURY TO TENANT'S GOODS—LIABILITY OF LANDLORD.
  The lessee of the top floor of a building twice notified the lessor, who agreed to do all repairing, that the roof leaked, and he agreed to fix it, saying afterwards that he had done so. It leaked a third time, causing the ceiling to fall, and the lessee's property was injured. *Held*, that the lessor was liable for the full amount of the damage, as the lease was of only a part of the premises, and the lessee had no right to go on the roof to repair it.

Appeal from trial term.

Action by Albertina Phillips against Isaac Ehrmann to recover for damages to her property by the leaking of the roof of premises leased to plaintiff by defendant. There was a judgment in favor of plaintiff, and defendant appeals. Affirmed.

For decision on motion for bill of particulars, see 23 N. Y. Supp. 1030.

Argued before CLEMENT, C. J., and OSBORNE, J.

Fernando Solinger, for appellant.

Henry C. Botty, for respondent.

OSBORNE, J.   Defendant owned certain premises in this city, a portion of which he occupied with his family, and the rest was let out. Plaintiff, early in January, 1893, hired by the month and went into possession of three of the rooms on the top floor, at a monthly rent, payable in advance. Defendant also agreed, as plaintiff testified, to do all repairing. It appeared from plaintiff's evidence: That in the latter part of January the roof leaked so as to cause a portion of the ceiling in one of her rooms to fall. That defendant, when his attention was called to it, promised to have

the roof fixed the same day, and subsequently told her that he had had it repaired. That early in February the roof leaked again. Plaintiff told defendant of it, and he replied, "Well, we will have it repaired." That early in the morning of February 22d, during a heavy rain storm, the water again poured through the roof into plaintiff's apartments, causing the ceiling to fall, and seriously damaging her household effects and clothing. Plaintiff brought this action to recover damages caused to her furniture and chattels, and had a verdict. Defendant appeals from the judgment entered thereon, and his main contention is that he was not liable for any damages to plaintiff's chattels caused by the leaky condition of the roof, but that the measure of any damage sustained by the plaintiff was either the amount that it would have cost to make the necessary repairs, which the tenant had the right to deduct from the rent, or the difference in rental value of the use of the premises caused by the neglect to repair. The learned counsel for the appellant cites several authorities in support of his contention, but no one of them appears to us to be applicable to the case before us. That a tenant cannot deliberately leave his property in a building, and expose it to injury from storms or otherwise, when he knows the roof is leaky and defective, and look to the landlord for indemnity, is well settled (Cook v. Soule, 56 N. Y. 423); but the case at bar is different. Plaintiff was a tenant of only a portion of the upper floor of defendant's building, and she had no right to go on the roof to make repairs. On two occasions, when the roof leaked, she had called defendant's attention to its condition, and he told her that he would have it fixed; and plaintiff, in reliance on defendant's promise, was induced to remain and continue her tenancy. She was justified in assuming that defendant had fulfilled his promise, and was ignorant that the roof was in a defective condition till the storm came which produced the damage complained of. Under these circumstances, we think that the defendant became liable for the damages suffered by plaintiff, for it was in consequence of his failure to put the roof in proper repair, as he agreed to do, that plaintiff was damaged. That defendant failed to properly repair the roof is, we think, abundantly shown by its utter insufficiency to shield plaintiff's property from the storm of February 22d. We are not unmindful of the fact that defendant contradicted plaintiff on many material points in her testimony; but those disputed questions were left to the jury, and they have decided them in favor of the plaintiff. There are no exceptions in the case that seem to us to call for any discussion. The judgment should be affirmed, with costs.