McADAM, J.
—The action was to recover $166.67 rent for November, 1892, of premises No. 225 Eighth avenue, under a written lease thereof to the defendant for three years from May 1, 1892. The defendant set up a counterclaim of $449.55 for damages caused to his goods by reason of the roof being in a dilapidated and leaky condition. The jury found for the defendant, *5 and awarded him, over and above the plaintiff’s claim for rent, $259.55. The evidence sufficiently establishes that the defendant’s goods were damaged by rain coming through the roof; that the plaintiff had timely notice of the defect; that the defendant did all he could to prevent injury; aud that the actual damages amounted to as much as to the jury allowed.
The question as to liability arises under the covenants of the lease.
The tenant covenanted to make all repairs, “ except the roof; ” thereby expressly negativing any implication that he assumed any responsibility whatever in regard thereto. Duke v. Ellis, 16 East, 352. All roofs require to be kept in order, and where the obligation to repair is not cast upon the tenant, it necessarily falls upon the landlord. In construing the contract it must be regarded as a whole, and- one part is to be interpreted by another. The lease contains these additional covenants : ■
“No improvements or alterations shall be made in or to the hereby demised premises, without the consent of the landlord in writing * * * And the landlord or her agents shall be permitted, at any time during the term, to visit and examine the premises at any reasonable hour of the day.”
The evidence shows that the plaintiff had repaired the roof on previous occasions; that in one instance she had paid for damages sustained by reason of the rain coming through it, and that, when she heard of the loss in question, she expressed surprise that her agent had not attended to the repairs. These facts, coupled with the plaintiff’s admission, and her expressly reserved right to visit and examine the premises, and the exemption of the roof from the repairs required to be made by the tenant (Rauth v. Davenport, 60 Hun, 70; 37 St. Rep. 664), sufficiently show a mutual understanding that the plaintiff was to take care of the roof, and that the duty of doing so was upon her. The agreement, so established in no manner conflicts with the terms of the lease, for it is in entire harmony with its evident intent.
The true measure of damages was applied. The* rule is that, where the repairs are trifling, and the damage by not making them is large, it is the duty of the tenant to make them, and charge the landlord, under his covenant to repair, the cost, Cook v. Soule, 56 N. Y. 423; Walker v. Swayzee, 3 Abb. Prac. 136; or the tenant may charge the landlord with the diminished value of the premises in consequence of the want of repair, Myers v. Burns, 35 N. Y. 269; Cook v. Soule, supra; O'Connor v. Gouraud, 2 City Ct. R. 278; affirmed, 3 St. Rep. 535; Dorwin v. Potter 5 Denio, 306; Hexter v. Knox, 39 N. Y. Supr. Ct. 109; affirmed, 63 N.Y. 561; that is, the difference in the rental value of the premises as they are and as they would have been had the covenant been performed. Thomson-Houston Electric Co. v. Durant Land Imp. Co., 144 N. Y. 34; 63 St. Rep. 8. The exception to the rule is that a tenant is not bound to make permanent and important repairs, which the landlord was to make, but may seek his remedy by action or counterclaim to recover the damages. Thomson-Houston Electric Co. v. Durant Land Imp. Co., supra. Retaining *6 possession of the demised premises by the lessee is not inconsistent with a remedy on the covenant to repair made by the landlord, and is not a waiver of the tenant’s right to claim damages for a breach. The evidence shows that the roof was in a dilapidated condition, old and weatherworn, and that the repairs required to make it safe were of a substantial character. Indeed, the alterations required might even be of that permanent nature which for some reason the tenant, by his lease, is forbidden to make. In Phillips v. Ehrmann, 8 Misc. Rep. 39; 59 St. Rep. 396, the court held that, in a case like this, the measure of damages may embrace injury done to the tenant’s property.
Eor these reasons the judgment and order appealed from must be affirmed, with costs.
All concur.