BERNICE MILLER, by Next Friend, Respondent, v. GEORGE B. PECK DRY GOODS COMPANY, Appellant.

Kansas City Court of Appeals, February 1, 1904.

1. NEGLIGENCE: Unfastened Window: Fall of Child: Jury Questions.    Where a reception room in a department store is almost constantly used by women customers and their small children, whether it is negligence to leave a window hung on pivots extending to the floor and twenty-five feet above the ground with no bars across it in the sole dependence that it would remain constantly bolted, is a question for the jury.

2. ———: Dangerous Premises: Invitation: Infant.    Where a department store keeps a reception room for its patrons and their children, the invitation to the trading public must be held to include infants and the owner owes the same duty to the customer's child as to the customer.

3.' ——————: Pleading: Bars Across Window. A petition is re-
viewed and held to fairly charge negligence in failing to main-
tain bars for a window swung on pivots regardless of whether
there were or were not other fastenings which, when prop-
erly closed, would make it secure.

Appeal from Cass Circuit Court.—*Wm. L. Jarrott,*
Judge.

AFFIRMED.

*Harkless, O'Grady & Crysler* for appellant.

Upon the proposition that the plaintiff can not re-
cover in this case for the reason that the defendant was
in no way at fault itself, and could not have anticipated
the act of a third party in interfering with a window in
an otherwise safe and proper condition, and that the ac-
cident was the result of the independent act of a third
party which was the proximate cause of the accident,
we invite the court's reading of the following authori-
ties: Krone v. Railway, 97 Mo. App. 609; Goodrich v.
Railway, 152 Mo. 228; Burns v. Railway, 129 Mo. 53-
55; Thompson v. Railway, 93 Mo. App. 548; Witte v.
Stifel, 126 Mo. 295; Pavey v. Railroad, 85 Mo. App.
222; Railey v. Rome & W. R. Co., 49 Hun (N. Y.) 337;
Oehme v. Cook, 15 Daly (N. Y.) 381; Railroad v.
Swarts, 58 Kan. 240-241; Cole v. German Savings, 124
Fed. 113; Frassi v. McDonald, 122 Cal. 400; Raymond
v. Kesseberg, 91 Wis. 191; Pawling v. Hoskin, 132 Pa.
St. 617; Dwyer v. Shaw, 50° Atl. 389; Hood v. Argo-
naut, 23 Ky. 460; Clapp v. LaGrill, 103 Tenn. 164; Can-
field v. Newport, 24 Ky. 2213; Fuchs v. St. Louis, 167
Mo. 620; Chander v. Gas Co., 73 S. W. 502.

*Wilson & Wilson* and *Frank P. Sebree* for respon-
dent.

The reception room in defendant's store was an
unsafe place for young children on account of the dan-
gerous character and structure of the window in ques-

tion, and defendant having invited the public to occupy this room, it was negligence on the part of the defendant to have kept such a window; and in failing to see that the window was kept bolted; and in failing to have a guard or rail in front of the window; and in failing to warn persons of its dangerous condition. Benjamin v. Railway, 133 Mo. 374; Morgan v. Cox, 22 Mo. 373; Hartman v. Muehlbach, 64 Mo. App. 578; Welch v. McAllister, 15 Mo. App. 492 and cas. cit.; O'Donnell v. Patton, 117 Mo. 13; Sykes v. Railway, 88 Mo. App. 193; 21 Am. and Eng. Ency. Law, p. 472; Brosnan v. Sweetser, 127 Ind. 1; Elliott v. Pray, 10 Allen. (Mass.) 378; Beck v. Carter, 68 N. Y. 283; Beach, Contributory Neg., sec. 51; Tousey v. Roberts, 114 N. Y. 312; Huset v. J. I. Case Mfg. Co., 120 Fed. 865; Moore v. Railroad, 84 Mo. 481; Nagel v. Railway, 75 Mo. 653; Nave v. Flack, 90 Ind. 205; Warner v. Railway, 62 Mo. App. 184; Mortgage Co. v. Rees (Colo.), 42 Pac. 42; Market Co. v. Claggett, 19 App. Cas. D. C. 12; Boyce v. Railway, 8 Utah 353.

ELLISON, J.—This action is for personal injury received by the plaintiff as the result of falling out of a window of defendant's building to the street twenty-five feet below. At time of injury plaintiff was a child between one and two years old. The judgment in the trial court was for the plaintiff.

It appears that defendant is the proprietor of a large retail business in Kansas City known as a department store. That in the prosecution of such business it has and maintains a building several stories in height, at the northwest corner of Eleventh and Main streets. That on the third floor of the building, twenty-five feet above the sidewalk, defendant maintains a large general reception room to which the public, including women accompanied by little children, are invited to come. That on the south side of the room is a large window, extending down to within three or four inches

of the floor; the lower sash of which was between five and six feet high and hung on pivots with sliding bolts at the top and bottom to hold it in place. That when unbolted it would, with slight pressure, swing outwardly from the bottom. That some time prior to the injury to plaintiff there were crossbars or rods fastened from the bottom of the window frame up to a height sufficient to prevent children from falling out of the window should it be open. These were maintained by the defendant in the summer months, but at the time of the accident had been removed.

On November 5, 1901, plaintiff's mother took her to defendant's reception room. They were accompanied by a lady friend and two other small children, one being the friend's, and the other a sister of plaintiff. The mother desiring to do some shopping left plaintiff and the other child in charge of the friend while she went out into the body of the store to make her purchases. While she was gone, the two older children were playing about the room near the window, the plaintiff taking part in a limited way. They were on and off of a couch near the window and at times stood on the window sill, which, as before stated, was down nearly flush with the floor. During this play of the children plaintiff sat on the window sill and leaning back against the glass, pressed the sash out which caused her to fall to the pavement below. Though the fall was twenty-five feet and the pavement was stone, yet plaintiff escaped death; but her injuries were such as to afford no ground of complaint at the amount of the verdict.

To hold defendant liable for the injury, the petition charges four specific acts of negligence. First, that the sash was left so that it would swing out when only slight pressure was applied, such as by a little child leaning against it. Second, that the sash being swung on pivots defendant did not have any bars, or grating, or other fixtures in the window so as to prevent small children like plaintiff from falling out. Third, that de-

fendant failed to notify plaintiff's mother or the lady friend left in charge of the children of the condition of the window. Fourth, that defendant kept the room for the reception of mothers and small children well knowing that a child "could, and might, easily fall out of the window."

The principal point urged by defendant is that plaintiff did not make a case and that its demurrer to the evidence ought to have been sustained. This is based on the fact that the window sash was provided with a bolt at the top and bottom with which it was ordinarily fastened and that when so fastened it was perfectly safe. That up to an hour and a half of the time of the misfortune to plaintiff, it was known to have been bolted. That somewhere between that time and the accident, some one without the knowledge of defendant or its servants had unfastened the bolts and opened the window and then left it shut or swung back in place, but neglected to fasten it. That defendant could not, in reason, be expected to foresee that that would be done and in consequence that a child might fall out. Keeping in mind, in this connection, that the petition charges that it was negligence in defendant to maintain such a window, at such a place, without crossbars or rods to keep children from falling out of it, if it should be open, or should be shut but unbolted, the defendant's contention amounts to a statement that the trial court, as a matter of law, should have declared such omission was not negligence. We are of opinion that the trial court's action in refusing to sustain the demurrer was proper. In view of the fact that the room was one almost constantly occupied by women and small children, it seems to us that to maintain, twenty-five feet above the ground, a window which extended to the floor, with no bars across it, in the sole dependence that it would remain constantly bolted, made a state of case which should be left to the jury that they might say whether that was such an act, or series of acts, as a

man of ordinary prudence and carefulness would commit. It certainly should occur to any careful man that a window hung on pivots so as to swing out from the bottom, coming to the floor of a room in the third story of a building, and not opening out onto a balcony, the room to be occupied by large numbers of women and small children, should have more safety guard than merely two bolts which could be so easily withdrawn.

The law as to the duty that a person owes to those he invites onto his premises has been so uniformly stated as that it has grown to be uncontroverted that he must keep his premises in such condition as to be reasonably free from danger. And that if necessary he maintains dangerous places in the prosecution of his business he must have them guarded, or give-warning of their existence. It has been discussed and stated by the Supreme Court in O'Donnell v. Patton, 117 Mo. 13. By the St. Louis Court of Appeals, through Judges Thompson and Goode, in Welch v. McAllister, 15 Mo. App. 492; Sykes v. Railway, 88 Mo. App. 193, 204; and Kean v. Schoening, 77 S. W. 335. And by this court through Judge SMITH in Hartman v. Muehlebach, 64 Mo. App. 578.

The difference between this case and ordinary cases lies in that the plaintiff, being a mere helpless infant, was not on defendant's premises for the transaction of business with defendant. But that difference in fact makes no difference in point of law. For, it being shown that defendant maintained the room as a reception or waiting room for women patrons of the store who were accompanied by their children, the invitation which defendant gave out to the trading public must be held to include such children as plaintiff who were taken there by their parents. From this, it follows that the same duty which the owner owes to his customer he likewise owes to the customer's child.

What we have said disposes of the greater part of the complaint as to defendant's refused instructions.

We regard the twelfth refused instruction, as refused and as modified and given, as being far too liberal for defendant. That instruction authorized a verdict for defendant if the window was bolted an hour and a half before the accident and some one in the room unfastened it, and defendant did not know, nor by diligence could have known it was unfastened. It left out of consideration whether defendant should have had bars across the window. Bars or rods would have made the window safe in just the situation the instruction mentions.

We have considered the insistence of defendant that the petition does not authorize a recovery on the ground of negligence in omitting to have bars across the window. We think that it does. It is true it charges that the sash was hung on pivots so that a slight pressure at the bottom would cause it to swing outward and that it makes no reference to the bolts with which the evidence shows it was provided, so that when fastened it could not be moved. From this, defendant infers that the pleader based the whole case on the absence of fastening for the sash, *on account of which* it was negligence not to have bars across the window. But we believe the petition can fairly be interpreted to charge negligence in failing to maintain the bars for a sash swung on pivots at such a place, regardless of whether there were or were not fastenings to the sash which, when properly closed, would make it secure.

After full examination of all the points made against the judgment we feel that we are not authorized to disturb it and in consequence order its affirmance. The other judges concur.