## ROBERTSON v. ACME HOMESTEAD ASS'N.

### No. 6391.

Circuit Court of Appeals, Fifth Circuit.

July 15, 1932.

Robert B. Todd, of New Orleans, La., for appellant.

Harry E. McEnerny, Jr., of New Orleans, La., for appellee.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

SIBLEY, Circuit Judge.

Jean Robertson, a citizen of Mississippi, when 4 years old fell through an insecurely guarded French window cut to the floor of the second story of a building in New Orleans owned by Acme Homestead Association, a Louisiana corporation, and was injured. Suit was brought in the District Court, not in the name of the infant, but by her guardian appointed in Mississippi suing as such. The petition was excepted to because showing no cause of action, and because the same was too vague and indefinite to be safely answered. The exceptions were sustained, and the petition dismissed, the guardian appealing.

The petition does not sufficiently set forth the material facts to enable us to determine whether the child has a cause of action. It is alleged that the Acme Homestead Association "was the owner in fee simple and in full charge and control of the premises," and that on July 25, 1930, Jean Robertson was with her mother "a guest in the home of a friend residing at the above mentioned premises." The window in the friend's room whose construction or condition is claimed to have been negligently dangerous is fully described, but no information is given as to who had thus constructed or arranged it, or when; or whether Acme Homestead Association knew of its condition or was specially bound for any reason to know of it and remedy it. It thus appears that Jean Robertson was on the premises as an invitee of an unnamed person whose relation to the Acme Homestead Association is not disclosed. Whether she was the agent or caretaker of the owner, or had a right of habitation, or was a mere roomer, or had a lease on the premises, or was an intruder, is not stated. The question whether she or the owner of the house was responsible for the condition of the window to a person whom she had invited there would be much affected by her relation to the owner and to the property. Counsel for both parties cite and discuss among other things Louisiana statutes and cases regarding the responsibility of the owner of leased premises, but there is no stipulation or express admission in the briefs that there was a lease, nor, if there was, is there any disclosure of its terms.

In view of this indefiniteness and uncertainty of allegations, neither the District Judge nor we can determine the law of the case. For, while it is true enough in view of the filing of the special exception plaintiff was not entitled to go to trial on a pleading as indefinite in its allegations as this, and the special exception should have been sustained, we think it is also true that the petition was not so wholly lacking in averments as to justify the trial judge in dismissing it upon the exception for no cause of action. The Dis-

trict Judge should have sustained the special exception, and in default of amendment, upon reasonable leave, should have dismissed the action.

That this may be done, the judgment is reversed, and the cause is remanded, with directions to sustain the special exception, with leave to amend within thirty days. Upon failure to amend, the action to stand dismissed.

Reversed, with direction.