## BAKER et ux. v. DALLAS HOTEL CO.
### No. 7336.

Circuit Court of Appeals, Fifth Circuit.
Nov. 24, 1934.

Neth L. Leachman, of Dallas, Tex., for appellants.

R. T. Bailey, of Dallas, Tex., for appellee.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

SIBLEY, Circuit Judge.

Mr. and Mrs. Robert F. Baker sued the Dallas Hotel Company, owners and· operators of a hotel in Dallas, Tex., under the Texas death statute, article 4671 et seq., Rev. Stats. of 1925, for the death of their infant son, Bobby, who fell from a window of the twelfth story of the hotel. On the evidence, the judge held that no actionable negligence appeared on the part of the defendant and that there was contributory negligence on the part of the plaintiffs, and directed a verdict for the hotel company. Mr. and Mrs. Baker appeal, and assign as the sole error the refusal to permit the jury to pass upon the issues of negligence.

The evidence shows without substantial conflict that the Bakers, having with them the child 2 years and 5 months old, registered as guests of the hotel and were assigned to a room with adjoining bath on Wednesday. At about 9 o'clock the next Saturday morning Mrs. Baker had just bathed the child and left him playing with his blocks on the floor near the center of the room while she was washing something in the adjoining bathroom. Mr. Baker was in bed, awake, but with his back toward the window a few feet away. The sash was raised, but the opening was covered by a wire window screen which they knew was there, but had never examined. The windowsill was about the height of Bobby's face. In front of it was a radiator which did not extend the whole length of the sill, but left a space on each side. The cut-off valve of the radiator was under one of these spaces, and Bobby could have stepped upon this valve and climbed into the window. Neither Mr. nor Mrs. Baker knew he was near the window until after a short absence she returned from the bathroom and saw him sitting sidewise on the windowsill with his head pressed against the screen, and before she could reach him the screen opened outwards and he fell below and was killed. An examination of the screen showed that it was hinged at the top and was intended to be secured from opening outwards by two spring plungers of metal, one on each side near the bottom of the screen frame, which passed through the frame into holes in the wooden window facing. The screen was old, and the springs had become weak, and the window facing had grooves worn by the ends of the plungers from each hole outwards so that the plungers got but little hold in the facing. A slight pushing on the screen was found by experiment sufficient to open it. The hotel company had employees whose duty it was to inspect windows and screens. This screen had not been reported as out of order to the superintendent, but he did not know whether it had been reported to the housekeeper or carpenter. There were heavy iron grills outside of some of the windows of the hotel, but none on this window.

The Texas statute giving a right of action for death by wrongful act in article 4672 provides: "The wrongful act, negligence, carelessness, unskilfulness or default mentioned in the preceding article must be of such character as would, if death had not ensued, have entitled the party injured to maintain an action for such injury." The child's right of action, if he had not died, is therefore directly in question. A parent's negligence is not in Texas ordinarily imputable to a child plaintiff, Galveston, H. & H. Ry. Co. v. Moore, 59 Tex. 64, 46 Am. Rep. 265, but, since the parents here sue for their own use and benefit, they may be defeated by their own contributory negligence, Williams v. T. & P. R. R. Co., 60 Tex. 205. And such is the general rule elsewhere. 17 C. J. "Death," § 93.

The diligence of counsel has produced no case relating to the liability of an innkeeper for an injury to a child guest due to a defective window screen. An innkeeper is not an insurer of the safety of his guests, but owes to them ordinary care to see that the premises assigned to them are reasonably safe for their use and occupancy. Clancy v. Barker (C. C. A.) 131 F. 161, 69 L. R. A. 653; De Honey v. Harding (C. C. A.) 300 F. 696; 32 C. J. "Innkeepers," § 70. When a child of tender years is accepted as a guest, the inexperience and the natural tendencies of such a child become a part of the situation and must be considered by the innkeeper. We do not mean that the innkeeper becomes the nurse of the child, or assumes its control when accompanied by its parents, but only that he is bound to consider whether his premises, though safe enough for an adult, present any reasonably avoidable dangers to the child guest. The control and general responsibility for the child accompanied by a parent or nurse is with the latter, who are also bound to exercise ordinary care to keep the child from harm. As has been stated, when parents are complaining of the negligence of the innkeeper, their own negligence which contributes to the injury is a good defense to their suit. Negligence is not attributable as such to a child of 2½ years. Williams v. Railroad Co., supra. The conduct of such a child being natural, spontaneous, and instinctive, is like that of an animal, and is similarly to be anticipated and guarded against by those charged with any duty in respect to the child. What then should this innkeeper and these parents have anticipated that this child might do, and what have they respectively done or failed to do that was negligent? There is no statutory requirement respecting hotel windows or window screens obedience to which would be diligence and failure to comply with which would be negligence per se. There is no course of decisions establishing any rule applicable specially to children and hotel windows. The only available standard of care is the conduct of the ideal person of ordinary prudence, to be judged of by the jury as a question of fact. A jury should consider whether the defects attributed to this screen were known to the innkeeper or had existed for such time as that he is to be charged with knowledge of them, whether he should in due prudence have anticipated that a child of this age would be attracted towards the window and would climb to see what was outside and might be led to lean against the insecure screen and be endangered, and whether another room or at least a warning about the insecurity of this screen was due. On the other hand, the jury ought also to inquire whether the parents should not have anticipated the same danger and kept better watch over the child or have tested the screen, and whether they themselves were contributorily negligent if the innkeeper was negligent. The innkeeper and the parents perhaps ought equally to have anticipated the danger of a child trying to get into the window, but the duty of inspecting the screen is not the same. The responsibility for the premises is primarily on the innkeeper, and the guest may generally assume that they are safe. But it is argued that the screens are there to keep insects out and not to keep children in, and there is no duty on the innkeeper to have them safe for the latter purpose, and parents have no right to rely on them for such purpose. Compare Egan v. Krueger, 103 N. J. Law, 474, 135 A. 811, 58 A. L. R. 1450, a case of landlord and tenant. But yet if the screen to all appearances, and as screens are usually found, would serve to protect the child, the false appearance of an insecurely fastened screen might easily mislead the parent or even inspire confidence in a child to lean against it. See Shaw v. Butterworth, 327 Mo. 622, 38 S.W.(2d) 57. Though there was no original duty to have any screen in the window for the purpose of keeping the child in, the jury might conclude that prudence would as respects this child have required that it be as securely fastened as screens customarily are, lest it prove a deception and a trap. We agree with the trial judge that the failure to have protecting grills at the windows is not negligence. Their absence was apparent, and no law and no custom requires them.

But on the issues of negligence in the innkeeper touching the condition of the screen, and in the parents touching their conduct, we are of opinion that jury questions exist. Children have often fallen through insecurely fastened window sashes and screens, so that the jury might conclude that such a thing is reasonably to be anticipated by those under duty to guard against danger. Beside the cases already cited see Miller v. Geo. B. Peck Co., 104 Mo. App. 609, 78 S. W. 682; Ross v. Haner (Tex. Com. App.) 258 S. W. 1036; Olian v. Olian, 332 Mo. 689, 59 S.W.(2d) 673; Robertson v. Acme Homestead Association (C. C. A.) 60 F.(2d) 89—none of them, however, involving an innkeeper. The duty of parents to watch over their infant child is to be viewed in the light of all the demands made at the time upon them, and the circumstances usually make negligence on their part a question for the jury. Sullivan v. Boston Elevated Ry. Co., 192 Mass. 37, 78 N. E. 382; Grella v. Lewis Wharf Co., 211 Mass. 54, 97 N. E. 745, Ann. Cas. 1913A, 1136; Noonan v. O'Hearn, 216 Mass. 583, 104 N. E. 376. It is such in the present case.

The judgment is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.