THOMAS, Justice.
The appellant, plaintiff in the action in the circuit court, sued the appellees, who as co-partners operated the Sherry Frontenac Hotel, for damages alleged to have resulted from the negligence of the appellees. It was appellant’s theory that the "relationship between him and the appellees w;as that of innkeeper and guest.
After the court had declined to dismiss the complaint, the appellees answered, then they moved for a summary judgment presenting the question, besides ones dealing with negligence, whether the relationship between the appellant and the appellees was one of landlord and tenant instead of innkeeper and guest.
In support of the motion for summary judgment, and in opposition to it, various affidavits and depositions were considered by the court. Eventually the summary judgment was entered because the judge reached the conclusion that the appellant’s host, John L. Kern, Inc., was actually a tenant of the appellees and in control of the apartment where the injuries were suffered by the appellant.
*248 The judge remarked upon the matter of negligence but we will confine our observations to the relationship that is reflected by the record because we think that point is the only one that need now control our decision.
The appellees also operate the Sherry Frontenac apartments which are located adjacent to the hotel. They entered into a so-called lease with John L. Kern, Inc., leasing to that corporation Apartment No. 1-A for a period of about one year. The instrument bore many of the characteristics of the usual lease, but it also carried many provisions that are not found in such an agreement. For instance, not only was the property to be possessed by the lessee but “maid service, use of pool and all other privileges in connection with the hotel * * * ” were parts of the consideration passing from lessor to lessee. The instrument contained customary promises not to use the premises for illegal or immoral purposes and to pay the rent at stated intervals. Although the occupants were enjoined from the use of the “premises for any other purpose than as a private dwelling for the members of-[sic] family” and from permitting “their child or children to play in the halls, lobby, porches or stair-cases, * * * Children under 14 [were] not permitted on premises during period from January 15th to March 15th.”
The manager of the hotel in his deposition described the service given the occupants of the apartments. Maids kept the bedrooms and bathrooms in order and furnished towels, soap and clean linens in the same manner that they serviced rooms of guests in the hotel. Porters from the hotel removed trash and garbage. The compensation of these servants was paid by the ap-pellees. The swimming pool and beach and entertainment programs at the hotel were shared by guests of the hotel and occupants of the apartments. Persons living in the apartments signed the hotel register like hotel guests, received their mail through the hotel staff and their telephone calls through the hotel switchboard. In some instances apartments were rented orally as rooms in the hotel were rented. Repairs to plumbing were made and other necessary services furnished in apartment and hotel alike.
Before closing the statement of the relevant facts, we should explain that the lessor and lessee agreed that the latter would, “from time to time” send its clients to occupy the apartment.
The immediate problem cannot be determined simply by stating that inasmuch as there was a lease, the appellant was a: tenant and the appellees were the landlord'.. The very nature of the peculiar provisions; we have related and the manner of operating under them defeat such a simple solution, and when each circumstance showing-any relationship but that of landlord and tenant appears to dissolve before appellees” logical argument and we reach the end of the argument, the circumstances are still with us.
If we contemplate a typical case of innkeeper and guest such as the one when a. person registers at a hotel and occupies his. room, and a typical case of landlord and tenant when a person rents a house and takes; possession of it as shelter for himself and family to be occupied as his own so long as. he complies with the terms of the lease, we-have two categories in which the present arrangement would fall accordingly as we followed the arguments of the appellant o'r the appellees. We come very definitely to the conclusion that the evidence and testimony establish that the situation here fits in the first classification. Cf. Asseltyne v. Fay Hotel, 222 Minn. 91, 23 N.W.2d 357; Roberts v. Casey, 36 Cal.App.2d Supp. 767, 93 P.2d 654.
Therefore we decide that the summary judgment should be reversed and that the cause be remanded with directions to proceed in accordance with this view.
Reversed.
ROBERTS, C. J., and TERRELL and HOBSON, JJ., concur.