143 So.2d 710 (1962)
Harold H. FISCHER and Thelma L. Fischer, Appellants,
v.
Barron COLLIER, Jr., and Miles Collier, Co-Partners, d/b/a the Collier Company, Appellees.
No. 2802.
District Court of Appeal of Florida. Second District.
August 8, 1962.
*711 Arthur K. Knudsen, Jr., of Allen & Knudsen, Fort Myers, for appellants.
Tom Treadwell and Carl A. Swenson, Naples, for appellees.
SHANNON, Chief Judge.
The appellants, plaintiffs below, seek review of an order dismissing their amended complaint with prejudice. The appellees were the defendants.
On July 7, 1953, the defendants, as lessors, executed a lease to J.L. Ainsworth and Esther E. Ainsworth. Subsequently, the Ainsworths assigned a portion of the premises described in said lease to the plaintiffs herein, the lease not to terminate until November 30, 1966. The premises covered by the lease, in the main, consisted of a dock over a bay or inlet in the Gulf of Mexico, with the buildings thereon, together with a parking lot. Among the terms of the original lease were the following:
"Lessee shall be responsible for maintenance of docks, buildings piers, and for the neat appearnce of the land adjacent to said docks which is used for automobile parking. Maintenance is herein defined to include all basic maintenance and repairs except replacement of dock piling and main dock stringers. Lessee shall replace dock planking and repair dock building roofs, but shall not be responsible for complete roof or complete dock planking replacement. Lessee will further be responsible for maintenance and filling of the land immediately adjoining the dock and along and behind the seawall. * * *"
The lease under which the plaintiffs held contains the following language:
"To perform and observe the covenants and stipulations on the part of the Lessee in the said indenture of Lease, insofar as are applicable to the part of the premises hereby sublet. * * *"
The portion of plaintiff's lease just quoted refers to the original lease between the Carpenters and the Ainsworths, dated July 7, 1953. The Collier Company gave their written consent to this sub-lease.
Plaintiffs state in their amended complaint, in part:
"That during the summer months of the year 1960, with the precise date being unknown, although same was definitely prior to September of 1960, it was discovered that many of the pilings and stringers under the aforementioned dock were in such bad condition that they needed replacing * * * That such work had not been performed as yet when Hurricane Donna came along on September 10, 1960 and caused additional damage to said dock and the building thereon. * * * That such additional damage is mainly in completely blown away planking and stringers and a little damage to the sidewalls on the building on said dock."
The amended complaint goes on to allege that the Colliers did nothing in regard to *712 the hurricane damage, but as of December 8, 1960, they were advised by the Colliers' attorney that:
"Mr. Fisher [sic] was in my office several days ago making inquiry as to what the Colliers intended to do in regard to the hurricane damages to his portion of Snug Harbor. I advised Mr. Fisher [sic] that the Colliers feel that under the terms of the lease and sub-lease that there are no provisions therein requiring them to restore the destroyed facilities nor are there any provisions regarding abatement of the stipulated rental. Therefore, in view of the above, the Colliers feel that it would be in the best interest of all concerned for all the parties to agree to cancel the lease and sub-lease at this time."
The chancellor, after hearing argument on the motion to dismiss the amended complaint, entered an order wherein he dismissed the amended complaint with prejudice.
The appellants present but one point regarding which they contend that the chancellor erred. This point, after setting forth the facts as we have given them, takes the position that appellees, lessors, are liable for the damages. They rely on the case of Jersey Silk & Lace Stores v. Best Silk Shops, 1929, 134 Misc. 315, 235 N.Y.S. 277. This case was decided by the City Court of New York, County of Bronx, and is an action by the tenant of an entire building against its lessor for damages which the tenant experienced by way of leakage. The tenant held under the lease containing a covenant requiring the tenant to make all repairs, "excluding the roof." The lessor had leased the building from the owner under a lease, in the same form as the one upon which suit was brought. The court, in the Jersey Silk case, supra, stated, in part:
"* * * The covenant in the lease requires the tenant to make all repairs, `excluding the roof.' Such a covenant casts the duty of making repairs to the roof upon the landlord, especially where, as at bar, his conduct shows that he recognizes that obligation. Woodward v. Jones, 15 Misc. 1, 36 N.Y.S. 775."
The appellees urge that the Jersey Silk case, supra, is not in point and give several reasons why. However, under the majority view, all the cases that we have read pertaining to the facts present in this case dictate sufficient reason for the affirmance of the decision below.
In the first place, the lease in question in the instant case is not a total one. The leased premises are only a portion of those which were originally leased. In the second place, it is generally held that in the absence of a special agreement to repair, the landlord is not under such a duty; and third, the necessity for repairs was caused by a hurricane, as was stated in the amended complaint.
In Easton v. Weir, Fla.App. 1960, 125 So.2d 115, this court, through Judge Allen, stated:
"It is generally held that at common law, in the absence of a special agreement to repair the demised premises, the landlord is not under a duty to make repairs to them. * * *"
The general rule is stated in 20 Fla.Jur., Landlord and Tenant, Sec. 112.
In the Mississippi case of Miller v. Miller, 1953, 217 Miss. 650, 64 So.2d 739, 38 A.L.R.2d 674, it is stated:
"A general and unqualified covenant by a landlord to repair is usually held to impose on him the duty to rebuild the premises after destruction by fire or the elements. * * * However, a limited covenant by the lessor to keep the roof or other parts in repair does not bind him to rebuild the building in the event of its destruction by fire."
*713 In Healy v. Tyler, 1911, 150 Iowa 169, 129 N.W. 802, the rule is clearly enunciated by the court:
"* * * It is elementary that the lessor is under no obligation to make repairs unless such obligation is imposed by the terms of the lease. Underhill, Landlord and Tenant, p. 511; Piper v. Fletcher, 115 Iowa 263, 88 N.W. 380. Under this rule, it is plain that there is nothing in the language used from which a covenant on the part of the landlords to make repair can be fairly implied. If by inevitable accident the building ceased to be capable of occupancy, the lessees remained liable for rent, and could repair or not in their discretion."
In 1925, in the case of Plate Glass Underwriters' Mut. Ins. Co. v. Ridgewood R. Co., 1925, 219 Mo. App. 186, 269 S.W. 659, in a case of inevitable accident, the court said:
"Now, no matter if the above language may seem to imply that since lessee is not obligated to repair damage by windstorm the landlord is so obligated, yet, under the law of landlord and tenant, this, of itself, is not sufficient to bind the landlord to do so. For, under that law, a landlord is not obligated or bound to repair unless he has expressly agreed to do so, and the only express agreement on the landlord's part, in the above clause, is to repair the roof and keep the outside painted. * * *"
The appellants get no solace from the fact that the appellees on a prior occasion made some repairs to the premises  repairs which they now demand  for, as is said in Ginsburg v. Jacobson, 1931, 276 Mass. 108, 176 N.E. 918, where there was present almost the same question:
"The lessors were under no obligation to repair the outside of the building, as the jury were instructed. There was nothing in the lease requiring this. Kearines v. Cullen, 183 Mass. 298, 67 N.E. 243; Leominster Fuel Co. v. Scanlon, 243 Mass. 126, 128, 137 N.E. 271, 24 A.L.R. 1459; Wierzbicki v. Thacher [273] (Mass.) [346] 173 N.E. 512. And the lessors did not assume this duty by repairing the roof on one occasion. The lessee, therefore, is liable for his failure to repair the outside of the premises and place them in good order, repair and condition. * * *"
The amended complaint did not state a cause of action against the defendants, and from the facts themselves, as set out in the amended complaint, it could not be amended so as to state a cause of action. Hence, the chancellor's action in dismissing the same with prejudice is correct.
Affirmed.
SMITH, J., and McMULLEN, NEIL C., Associate Judge, concur.