BARKDULL, Judge.
Appellants seek review of a final judgment rendered upon a directed verdict in favor of the appellee at the conclusion of the case presented by the appellants.
We reverse. It appears from the facts, viewed in a light most favorable to the appellants, that the appellee was the operator of a combination motel-apartment unit establishment in Dade County, and the operation was such that the relationship between those persons occupying the premises and the owner was that of guest and innkeeper. See: Goodell v. Morris Lansburgh and Associates, Fla.1955, 77 So.2d 247, decided on a similar set of facts, with the exception that the instant case apparently involves an alleged oral lease.
Certain of the appliances located in the premises in question, and in particular in apartment #31, were gas operated. Originally they operated upon manufactured gas, and in the spring and summer of 1959 this operation was switched from manufactured to natural gas. The appellee purchased the premises and took possession in. June of 1959. The transfer from manufactured gas to natural gas had commenced' in May of 1959, and in August of 1959 the-innkeeper rented apartment #31 to a Mrs.. Andreasen and her daughter, who occupied' the unit for approximately 14 days. During this time they complained to the agentof the owner, service personnel for the gas-company [who were in and about the premises], and to the owner about obnoxious odors purported to be from gas fumes.. That as a result of this odor, Mrs. Andrea-sen vacated apartment #31 and same remained vacant until August 24, 1959 when-it was leased to the appellant, Theodore-Hatch, for the use of himself and his family-[which consisted of himself, a stepson, a. daughter and his wife]. That between the-time Mrs. Andreasen vacated the apartment and the Hatches took possession of' same, gas installation service personnel' were in apartment :#31, but the owner failed to call to their attention the complaints about the strong odor of gas in and'.1 about the premises. That when the Hatches-took possession of the premises, they were instructed that in the event of any malfunction in the appliances the innkeeper would cause repairs to be made thereon.. See: Propper v. Kesner, Fla.1958, 104 So. 2d 1. The Hatches occupied the apartment,. *343 and on or about the morning of August 28, 1959, they awoke to find the three and one-half month old daughter dead, allegedly as a result of carbon monoxide gas. As a result of such, the instant action was instituted by the father, Theodore Hatch, on behalf of the minor stepson [who lived], seeking damages for his injuries and derivative claims for medical expenses, plus a wrongful death action for the deceased minor. Upon the cause proceeding to trial before a jury, the trial judge directed a verdict [as aforesaid] for the appellee-innkeeper.
From the facts recited above, viewed [as we must] in a light most favorable to the plaintiffs on a motion for directed verdict [see: Teare v. Local Union No. 295, etc., Fla.1957, 98 So.2d 79; Huff v. Belcastro, Fla.App.1961, 127 So.2d 476], the jury could have believed and found for the plaintiffs-appellants. It appears that the innkeeper would have been guilty of negligence in failing to attempt to discover the reason for the obnoxious odor in and about apartment l#31 and in failing to call to the attention of the service personnel [when they were in and about the premises] the complaints urged by the former tenants. See: Russell v. Jacksonville Gas Corp., Fla.App.1960, 117 So.2d 29. However, by virtue of his answer to the complaint, the appellee has raised an issue of fact as to whether or not he received notice of the alleged defect. While the record reveals the appellee was called as an adverse witness and testified he did not report any defect to the gas company, it is silent as to whether or not the appel-lee had knowledge of the defect. Thus, the appellee should be allowed to submit any evidence he has to refute the allegations that he had received complaints in reference to the obnoxious odor in and about apartment ;#31. Of course, upon submission of all the evidence to the jury [in the event it sustained the conflict in favor of the ap-pellee that he had not been alerted to any danger], the appellee would ordinarily recover a favorable verdict from the jury. However, it appears that it is a jury question as to whether or not the innkeeper in fact received notice of the alleged dangerous condition.
Therefore, it was error for the trial judge to remove the cause from the province of the jury by granting a motion for a directed verdict, and the final judgment rendered thereon is reversed, with directions to grant a new trial.
Reversed, with directions.