181 So.2d 554 (1965)
Lakay McKENZIE, a minor by her father and next friend, Joel McKenzie, and Joel McKenzie, individually, Appellants,
v.
ATLANTIC MANOR, INC., a Florida corporation, Appellee.
No. 65-288.
District Court of Appeal of Florida. Third District.
December 21, 1965.
Rehearing Denied January 25, 1966.
*555 Fuller & Brumer, Kenneth L. Ryskamp, Miami, for appellants.
Blackwell, Walker & Gray and James E. Tribble, Miami, for appellee.
Before CARROLL, BARKDULL and SWANN, JJ.
BARKDULL, Judge.
This is an appeal by the original plaintiffs from a final judgment entered upon a directed verdict at the close of all the evidence.
The complaint sought damages against the defendant-lessor for personal injuries sustained by the minor plaintiff when she fell through a defective screen in a window located in an apartment on premises leased from and owned and operated by the defendant. By its answer, the defendant denied negligence, and urged the affirmative defense of contributory negligence. At the conclusion of all the evidence, the trial court directed a verdict in favor of the defendant. The point preserved for review is the propriety of the trial court's granting the motion for directed verdict.
In reaching a conclusion on this case, it is necessary to examine principles of law applicable to landlord and tenants, i.e., duty of a lessor to repair screens in a demised premises and, if a duty exists, what is necessary to show a breach. Or, to put it another way, is the failure to repair a household screen a proximate cause of a small child falling through the window?
It is generally held that at common law, in the absence of a special agreement to repair the demised premises, the landlord is not under a duty to repair them. See: Easton v. Weir, Fla.App. 1960, 125 So.2d 115; Fischer v. Collier, Fla.App. 1962, 143 So.2d 710; 32 Am.Jur., Landlord and Tenant, § 657; 20 Fla.Jur., Landlord and Tenant, § 112. This situation remains true whether the defects in the demised premises existed at the time of entering into the tenancy or occurred thereafter. See: 32 Am. Jur., supra. Furthermore, the fact that the landlord, on a prior occasion, voluntarily made some repairs to the premises does not offer a valid ground for claiming that the landlord had assumed the duty to repair. See: Fischer v. Collier, supra; 20 Fla.Jur., supra. Thus, the principal question in the case sub judice is whether there exists an agreement to repair the screens sufficient to circumvent the common law.
In determining the propriety of a motion for directed verdict, the motion is construed most strongly against the movant. See: Guhman v. Florida Power & Light Company, Fla.App. 1962, 139 So.2d 749; Hatch v. Sokolow, Fla.App. 1963, 151 So.2d 341. And all reasonable inferences are in favor of the plaintiff's case. See: Ahearn v. Florida Power & Light Company, Fla. App. 1961, 129 So.2d 457; Purdue v. Vogelsang, Fla.App. 1964, 166 So.2d 902. Examining the record on appeal in light of these principles, we find the following:
Mr. and Mrs. Joel McKenzie were tenants of the Atlantic Manor, Inc. at 3142 N.W. 42nd Street, Apartment 6. They first moved into this apartment in 1961. There was no written lease between the plaintiff and defendant and the entire agreement was oral. They were living in the portion of the apartment building which was used by families with children. During the time in which the McKenzies lived in Apartment 6, Mr. and Mrs. McKenzie complained about the condition of the screens and particularly about the screen on the right side of the bedroom window. Mr. McKenzie said that he complained to Cecile and John, who usually made the repairs at the building; to Danny, who was the manager when he first moved in, and to Nick, who was the manager at the time of the accident. Although Mr. McKenzie made numerous complaints, the screen was never repaired, even though it was indicated repairs would be made. Mr. McKenzie said that the screen was not fastened to the frame, and Mrs. McKenzie described the screen as being torn out at *556 the bottom. On the day of the accident, Mrs. McKenzie was in bed in the living room, recovering from an illness, and the minor plaintiff LaKay McKenzie, was playing in the living room with other children, but went into the bedroom for a few minutes. Subsequently, Mrs. McKenzie heard a scream from the bedroom and one of her other daughters reported to her "Mommie, LaKay fell out the window". Mr. McKenzie testified that the screen was entirely ripped out after the accident.
The foregoing reveals sufficient evidence conforming to the principle set out in Wiley v. Dow, Fla.App. 1958, 107 So.2d 166, to warrant a jury finding the existence of a contract to repair the screen in question. Therefore, under the modern view of a landlord's liability for non-performance of a covenant to repair [see: Propper v. Kesner, Fla. 1958, 104 So.2d 1; Wiley v. Dow, supra; Berlin v. Southgate Corporation, Fla.App. 1962, 142 So.2d 362], the appellee could be held liable for his failure to perform.
In regard to the proximate cause, there seems to be a definite split of authority as to whether defective screening [coupled with the landlord's knowledge of the defect and his duty to repair] is sufficient in and of itself to constitute the proximate cause of injury to the appellant herein. See: Robertson v. Acme Homestead Ass'n, 5th Cir.1932, 60 F.2d 89; Baker v. Dallas Hotel Co., 5th Cir.1934, 73 F.2d 825, 826; Gould v. DeBeve, 1964, 117 U.S.App. D.C. 360, 330 F.2d 826; Schlemmer v. Stokes, 47 Cal. App.2d 164, 117 P.2d 396; Crawford v. Orner & Shayne, Inc., 331 Ill. App. 568, 73 N.E.2d 615; Gasquoine v. Bornstein, 10 Ill. App.2d 423, 135 N.E.2d 121; Chelefou v. Springfield Inst. For Savings, 297 Mass. 236, 8 N.E.2d 769; Miller v. George B. Peck Dry Goods Co., 104 Mo. App. 609, 78 S.W. 682; Shaw v. Butterworth, 327 Mo. 622, 38 S.W.2d 57; Olian v. Olian, 332 Mo. 689, 59 S.W.2d 673; Egan v. Krueger, 103 N.J.L. 474, 135 A. 811, 58 A.L.R. 1450; Ross v. Haner, Tex.Civ.App. 1922, 244 S.W. 231.
Neither of the counsel for the parties to this cause, nor we by independent research, have been able to find any Florida holdings on this point and, there being a split of authority as indicated throughout the nation, we adopt the reasoning set forth in Gould v. DeBeve, supra. Therefore, we find that the trial court committed error in directing the verdict in the instant case and the final judgment here under review is hereby reversed and this cause remanded for a new trial.
Reversed and remanded, with directions.