# HOB NOBBERS, INC. v. DEMETREE

Case No. So84-4518

County Court, Orange County

March 14, 1985

## APPEARANCES OF COUNSEL

**John C. Englehardt, P.A.,** for plaintiff.
**Shawn G. Rader** for defendant.

## OPINION OF THE COURT

JAMES C. HAUSER, County Judge.

Plaintiff is a non-residential tenant of the Defendant. The air conditioner malfunctioned and Plaintiff sued Defendant for the cost of repairing it. The written lease failed to mention whether the tenant or landlord would be responsible for making air conditioner repairs. The court ruled that in a *non*-residential tenancy, unless the lease states otherwise, the tenant is required to make the repairs. *Fischer v. Collier*, 143 So.2d 710 (Fla. 2d DCA 1962).

Since Defendant prevailed she seeks attorney fees pursuant to section 12 of the lease which states:

"It is agreed that in the event suit is commenced to collect rent, or any part thereof, or to enforce any provision of this lease or if suit is brought either *by or against the lessor for any other cause growing*

*out of this lease*, the reasonable fees of lessor's attorney are to be considered a part of the costs of suit and collected in the same manner to the full extent permitted by law." (Emphasis added).

The issue to be decided by this court is whether the language of paragraph 12 is sufficiently broad to permit attorney fees to a landlord who prevails on an issue outside the four corners of the written lease.

The court rules this cause to provide three separate instances of attorney fees if the landlord prevails:

1) For non payment of rent,

2) To enforce any provision of the lease such as requiring the tenant to paint the interior (Clause 14) or keep the sidewalk clear of obstruction (Clause 19),

3) In any cause growing out of the *lease* (such as suit for declaratory relief to interpret the lease—see *Ocala Warehouse Investments Ltd. v. The Bison Company*, 416 So.2d 1269 (Fla. 5th DCA 1982).

The clause "growing out of the lease" is ambiguous. Broadly interpreted it could apply to the entire landlord-tenant relationship, narrowly interpreted it only applies to the written lease agreement. Since the landlord drafted the lease, any ambiguity must be construed against the landlord and in favor of the tenant. Further where attorney fees are provided by contract such provision must be strictly construed by the court. *Sunbeam Enterprises, Inc. v. Uphtegrove*, 316 So.2d 34 (Fla. 1975); *Discount Drugs, Inc. v. Tulip Realty Co. of Florida*, 396 So.2d 764 (Fla. 4th DCA 1981). The court must therefore narrowly construe the contractual provision. If the parties intended attorney fees to the prevailing party for any litigation, they could have done so by providing attorney fees for:

"any dispute between the parties".[1]

Based on the foregoing landlord's motion for attorney fees is denied.

---

[1] *Sousa v. Palumbo*, 426 So.2d 1072 (Fla. 4th DCA 1983)
"In any action to enforce or interpret the rights or obligations of the parties the prevailing party shall be entitled to a . . . reasonable attorney's fee."