SCHWARTZ, Chief Judge.
The trial judge ruled that the developers-landlords under a 99-year “net lease” [1] of the common areas of a condominium complex were “required under the lease to make all capital improvements required when a condition of disrepair can not be' corrected by ordinary maintenance and repairs.” We reverse.
It is established Florida law that the lessee, not the lessor, has the duty to make repairs of any kind to the demised premises in the absence of a specific undertaking to the contrary. See Fischer v. Collier, 143 So.2d 710 (Fla. 2d DCA 1962); Easton v. Weir, 125 So.2d 115 (Fla. 2d DCA 1960), cert. denied, 129 So.2d 141 (Fla. 1961). No such provision appears in the lease involved here.
Indeed, the only covenant on the repair issue is one which reflects what would anyway be the case under the law even in its absence; it requires the tenant to make the repairs now in issue:
ARTICLE V
******
The Lessee herein during the full term of this lease, shall keep and maintain at the Lessee’s own expense any and all buildings, interior and exterior, and improvements and all personal property now on the premises or which may hereafter be placed upon the leased premises in good and substantial order and repair, ordinary wear and tear excepted_ [emphasis supplied]
The appellees’ reliance on the last emphasized clause is of no avail. The exception of “ordinary wear and tear” merely relieves the lessee of any duty to the landlord to maintain the leasehold in a “like-new” condition. See Connell v. Brownstein-Louis Co., 86 Cal.App. 610, 261 P. 331 (1927); 49 Am.Jur.2d Landlord and Tenant § 939 (1970); see City of St. Petersburg v. Competition Sails, Inc., 449 So.2d 852 (Fla. 2d DCA 1984); Fischer, 143 So.2d at 712-13; Plate Glass Underwriters’ Mut. Ins. Co. v. Ridgewood Realty Co., 219 Mo. App. 186, 269 S.W. 659 (1925); 51C C.J.S. Landlord and Tenant § 368(9) (1968). It does not affect the general obligations owed by the tenant under Article V, much *453 less result in any affirmative obligation being imposed upon the lessor. See City of St. Petersburg, 449 So.2d at 854; McKenzie v. Atlantic Manor, Inc., 181 So.2d 554 (Fla. 3d DCA 1965), cert. denied, 192 So.2d 495 (Fla. 1966); 34 Fla.Jur.2d Landlord and Tenant §§ 61-62 (1982).
For these reasons,[2] the order under review is reversed and the case remanded with directions to dismiss the complaint with prejudice.

. See Levitz Furniture Co. v. Continental Equities, Inc., 411 So.2d 221 (Fla. 3d DCA 1982),pet. for review denied, 419 So.2d 1196 (Fla. 1982).

. The appellees’ alternative argument for affirmance has been rejected by this court in Naranja Lakes Condominium Ass’n v. Rizzo, 490 So.2d 1266 (Fla. 3d DCA 1986).