DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**VIGNARAJ MUNSAMI PILLAY,**
Appellant,

v.

**PUBLIC STORAGE, INC.,**
Appellee.

No. 4D19-84

[November 13, 2019]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; David A. Haimes, Judge; L.T. Case No. 18-4261(08).

Vignaraj Munsami Pillay, N. Fort Myers, pro se.

Cindy J. Mishcon and Kevin M. Vannatta of Lewis Brisbois Bisgaard & Smith LLP, Fort Lauderdale, for appellee.

FORST, J.

In this *caveat emptor* case, Appellant Vignaraj Pillay appeals from the final order of dismissal with prejudice. Pillay's third amended complaint alleged two counts of gross negligence and three counts of breach of contract. We affirm the dismissal, addressing Pillay's "gross negligence" claims in this opinion.

**Background**

In 2000, Pillay entered into a written storage unit rental agreement with Appellee Public Storage. The rental agreement required monthly payments. Soon after entering into the rental agreement, Pillay moved to Maryland and remained there until November 2015. During this time, Pillay alleges that he used two rented units to store personal property valued in excess of $100,000. Pillay further alleges that he received three separate phone calls from Public Storage between 2005 and 2012 informing him that his storage units had been burglarized, with several items left outside of the unit.

Pillay returned to his units on December 7, 2015. He claims they were in a state of disrepair, with pieces of the ceiling having dropped onto his furniture and paintings. He also noticed several "high value" items were either missing or damaged. Pillay met with a new facility manager to gather information on what caused the damage to his property. The manager purportedly refused to cooperate with Pillay. Nonetheless, Pillay entered into a new lease with Public Storage and moved his items into a smaller unit just a few feet away.

On February 23, 2018, Pillay filed suit against Public Storage. The trial court dismissed the original complaint without prejudice for failure to state a claim. The first and second amended complaints met similar fates. Pillay then filed a third amended complaint, which alleged two claims of gross negligence, three claims of breach of contract, and one claim of breach of the implied covenant of good faith.[1] Public Storage responded with a motion to dismiss, which the trial court granted with prejudice. This appeal followed.

## Analysis

Orders granting motions to dismiss for failure to state a claim are reviewed de novo. *Regis Ins. Co. v. Miami Mgmt., Inc.*, 902 So. 2d 966, 968 (Fla. 4th DCA 2005).

Pillay's claims for gross negligence boil down to an alleged failure by Public Storage to safeguard his storage unit, as well as an alleged failure to monitor the condition of the unit and to make repairs when the unit became damaged.

*A. Public Storage's Failure to Safeguard Pillay's Property*

Pillay's gross negligence claim based on the alleged failure of Public Storage to safeguard his property fails as a matter of law. First and foremost, the claim is time-barred. An action founded on negligence must be brought within four years from the time when the last element constituting the cause of action occurs. § 95.11, Fla. Stat. (2018). Here, the three alleged break-ins occurred between 2005 and 2012. The instant suit was not filed until February 23, 2018—well outside the four-year statutory period for bringing a negligence suit. *See id.*

Pillay's claim also fails due to the express terms of the rental agreement, which contained the following exculpatory provisions:

---

[1] As noted above, we address only the "gross negligence" claims in this opinion.

2

(1) ALL PERSONAL PROPERTY IS STORED BY OCCUPANT AT OCCUPANT'S SOLE RISK.

(2) Owner and Owner's agents . . . will not be responsible for, and Tenant releases Owner and Owner's agents from any responsibility for, any loss, liability, claim, expense, damage to property . . . including without limitation any Loss arising from the active or passive acts, omission or negligence of Owner or Owner's agents.

(3) Tenant has inspected the Premises and the Property and hereby acknowledges and agrees that Owner does not represent or guarantee the safety or security of the Premises or the Property or any of the personal property stored therein, and this Rental Agreement does not create any contractual obligation for Owner to increase or maintain such safety or security.

Florida courts have upheld the enforceability of exculpatory provisions in contracts when the language of the provisions clearly and unambiguously communicates the scope and nature of the waiver. *See Sainslo v. Give Kids the World, Inc.*, 157 So. 3d 256, 260-61 (Fla. 2015); *Brooks v. Paul*, 219 So. 3d 886, 888 (Fla. 4th DCA 2017); *Fresnedo v. Porky's Gym III, Inc.*, 271 So. 3d 1185, 1186 (Fla. 3d DCA 2019). Such provisions are deemed to be unambiguous and enforceable when the language unequivocally demonstrates a clear and understandable intention for the defendant to be relieved from liability such that an ordinary and knowledgeable person will know what he or she is contracting away. *Sainslo*, 157 So. 3d at 260-61.

By the express terms of the rental agreement, Public Storage had no duty to safeguard Pillay's storage units.[2] Pillay has not alleged unconscionability, and while the agreement's terms may favor Public Storage, Pillay freely entered into the agreement and is bound by its terms. *See Barakat v. Broward Cty. Hous. Auth.*, 771 So. 2d 1193, 1195 (Fla. 4th DCA 2000) ("It is never the role of a trial court to rewrite a contract to make it more reasonable for one of the parties or to relieve a party from what

---

[2] The rental agreement also contained a provision recommending that Pillay obtain insurance for the items stored in the unit. Public Storage offered insurance for purchase and it also informed Pillay that insurance could be obtained from third parties.

turns out to be a bad bargain."); *see also Medical Ctr. Health Plan v. Brick*, 572 So. 2d 548, 551 (Fla. 1st DCA 1990) ("A party is bound by, and a court is powerless to rewrite, the clear and unambiguous terms of a voluntary contract.").

*B. Public Storage's Failure to Repair Pillay's Unit*

Pillay also argues that Public Storage was grossly negligent for allowing his units to fall into a state of disrepair. To maintain a cause of action based on negligence "[t]he claimant must first demonstrate that the defendant owed a duty, or obligation, recognized by the law, requiring the [defendant] to conform to a certain standard of conduct, for the protection of others against unreasonable risks." *Williams v. Davis*, 974 So. 2d 1052, 1056 (Fla. 2007) (internal citation omitted).

Commercial landlords do not have a duty to repair the premises absent a specific provision in the contract imposing such a duty. *See Veterans Gas Co. v. Gibbs*, 538 So. 2d 1325, 1328 (Fla. 1st DCA 1989) (explaining that Florida statutes clearly distinguish between residential tenancies and commercial tenancies with Florida law imposing a duty on residential landlords to repair the premises and not on imposing the same duty on commercial landlords); *Rizzo v. Naranja Lakes Condo. Ass'n. Nos. One, Two, Three, Four and Five*, 498 So. 2d 451, 452 (Fla. 3d DCA 1986) ("It is established Florida law that the lessee, not the lessor, has the duty to make repairs of any kind to the demised premises in the absence of a specific undertaking to the contrary."). Here, the rental agreement did not impose a duty on Public Storage to repair Pillay's units. *See Fischer v. Collier*, 143 So. 2d 710, 712 (Fla. 2d DCA 1962) ("[I]t is generally held that in the absence of a special agreement to repair, the landlord is not under such a duty.").

## Conclusion

The trial court's order dismissing Pillay's third amended complaint with prejudice is affirmed.

*Affirmed.*

TAYLOR and MAY, JJ., concur.

*          *          *

**Not final until disposition of timely filed motion for rehearing.**

4