JOHN McCARTHY, Appellant, v. E. M. HUMPHREY.

**Landlord and Tenant:** The lessor of a hotel may recover from the lessee an amount paid by the former at the latter's request for city water used by the latter, although at the time the lease was executed the hotel was piped for city water.

SAME. In the absence of an agreement, the landlord is not bound to pay for city water used by the tenant, although the house is piped therefor.

*Appeal from Greene District Court.*—Hon. Z. A. Church,
Judge.

Wednesday, May 18, 1898.

THIS is an action to recover for a balance of rent
due under a lease; for damages alleged to have been
done to the leased property by defendant; for the cost
of water supplied to said premises; and also for the use
made by defendant of plaintiff's barn. The answer con-
tains a general denial. It also sets up that the rent is
fully paid; that defendant settled and paid for the use
of said barn; that she never agreed to pay anything for
the water supplied to the premises, and is not, therefore,
liable on that account. Defendant also sets up a
counterclaim for board and lodging furnished plaintiff
in the sum of forty dollars and fifty cents. To the
counterclaim there is a reply. The issues were sub-
mitted to a jury. There was a verdict for defendant.
From the judgment entered thereon the plaintiff
appeals.—*Reversed.*

*Rose & Henderson* for appellant.

*Russell & Tolliver* and *I. D. & R. G. Howard* for
appellee.

WATERMAN, J.—A number of errors are assigned
based upon the instructions and upon the rulings of the
court on the admission of testimony. The judgment
entry itself is attacked as having been recorded on Sun-
day. We need concern ourselves, however, only with
the action of the court upon one of the issues tendered.
It is very unlikely that any other of the matters com-
plained of can arise on the new trial which we find
must be had.

II. The building leased by defendant was a hotel, and it was piped for city water. The lease did not require the landlord to furnish water for the building. After defendant took possession, she used the city water, and it was charged against the property. Plaintiff introduced evidence tending to show that defendant requested him to pay the bills for the water, and promised if he would do so that she would repay him the amount; that he did on several occasions pay said bills; and that defendant has refused to reimburse him therefor. The amount so claimed to have been paid is one of the matters sued for, and it was taken from the jury by the trial court in these words: "Gentlemen of the jury, on the claim of plaintiff on what is herein and in this called the 'Water Claim,' you are instructed that same is not a proper claim against defendant, and you will not take the same into consideration. This is the claim of plaintiff for water claim of $38.42, and must not be considered by you." To this action of the court exception was duly taken. The plaintiff had testified, as we have said, that he paid this amount for water at the request of defendant and on her express promise to repay him. We cannot understand on what theory this issue was taken from the jury. Certainly the lessor was under no more obligation to pay for the water used by his tenant because the house was piped for city water than he would have been to pay for gas used because there were fittings in the building. We think this matter should have gone to the jury. For the error in this ruling the judgment will be REVERSED.