NICHOLAS SHELDON *vs.* RALPH S. HAMILTON.

PROVIDENCE—OCTOBER 22, 1900.

PRESENT: Stiness, C. J., Tillinghast and Douglas, JJ.

(1)  *Landlord and Tenant.  Right to City Water.  Appurtenances.*

Plaintiff leased a dwelling-house to defendant for a term of years at a rent
reserved.  At the time of defendant's entry there were pipes and fixtures
in the house adapted to the use of the city water, and a meter for the
measurement of the quantity used.  The pipes were connected with the
city mains, and the water was on.  The regulations of the water depart-
ment, under the circumstances stated, required a payment in advance.
The plaintiff paid the first bill presented, expecting to be re-imbursed by
the defendant.  Further bills were paid by the defendant in order to pre-
vent the water being shut off from the premises, and in an action against
him to recover the rent reserved under the lease he attempted to set off
the amount so paid by him.  The lease was silent on the question :—

*Held,* upon the facts stated, that it was not the duty of the landlord to
furnish water for the use of the tenant except by express agreement.

(2)  *Implication of Agreement.  Estoppel.*

*Held,* further, that the fact that the landlord paid the bill for the first year
did not justify an inference that he had agreed to pay for water supplied,
neither did it estop him from insisting upon his right, the tenant not
being injured by the payment.

(3)  *Implication of Agreement.*

*Semble,* that an agreement on the part of the landlord to pay water or gas
bills might be implied from circumstances, but not alone from the fact
that the house was provided with pipes and fixtures.

(4)  *Implication.  Custom.*

*Semble,* that such an implication might arise from a general custom at-
tached by law to the contract, if a custom universal and reasonable
were proved.

(5)  *Tax Charged on Premises.  Water a Commodity.*

*Held,* further, that the price charged for water by the city is not a tax or
assessment chargeable upon the premises which the tenant, being com-
pelled to pay, may recover from the landlord, but is a commodity which
the tenant may take or decline at his option.

DEBT for rent.    The plaintiff was lessor and the defendant
lessee of certain premises in Providence used as a dwelling-
house.    The action was for the last quarterly installment of

rent due under the lease. The defendant admitted that he owed the rent, but pleaded and proved that he had paid sundry water-bills to the city of Providence for water used upon the premises during his tenancy, and sought to set off these bills against the rent. The lease was introduced in evidence, but was entirely silent with reference to the payment of such water-rates. The District Court gave decision for the plaintiff, and upon appeal for jury trial the Common Pleas Division, upon request of the plaintiff, ordered a verdict in his favor without any inquiry into the amount of the bills paid.

The defendant requested the court to charge :

1. If at the time of the hiring the piping, fixtures, and other apparatus indicated that water was in and went with the tenement, the landlord saying nothing, when he fixed the rent, to the contrary, then the tenant had a right to expect and was entitled to the use of water without extra charge.

2. If the jury are satisfied that the written lease fixing the terms made no reserve and contained no provision that the tenant should in addition to the stipulated rent also pay for the use of the water, and the general appearance of the house indicated that the water was upon the premises, the landlord is estopped from coming in subsequently, directly or indirectly, and demanding additional compensation for the use of the water to be consumed upon the premises so granted without restriction.

3. The landlord brought the water into the house, and there is no difference in principle of law in the case than that of a riparian owner ; or if a well were on the place and when the owner granted the land without restriction or reservation then the grantee had the right to the use of water as well as to light and air. Natural light, air, and water are the natural requisites of a tenement.

4. If there was no contract between the grantor and the grantee, oral or under the lease, in regard to the water, then the grantee is not liable in addition to the stipulated rent.

Heard on petition of defendant for a new trial, and new trial denied.

(1)  DOUGLAS, J.   This is a petition for a new trial of an action of debt for rent for a dwelling-house in the city of Providence.   The questions involved arise upon the claim of the defendant to set off against the rent, which is not disputed, certain sums which he paid the city of Providence for water used upon the premises while in his possession.   There is no substantial disagreement as to the facts.   The plaintiff leased the dwelling-house to the defendant June 17, 1892, the rent reserved being $1,000 per annum for the term of five years from July 1, 1892.   At the time of defendant's entry there were pipes and fixtures in the house adapted to the use of the city water, and a meter for the measurement of the quantity used.   The pipes were connected with the city mains and the water was on.   The regulations of the water department show that where water is so supplied the water department requires a payment in advance in January, and unless this payment is exhausted no further charge is made till the beginning of the next year.   The first bill which was presented in this case after the defendant entered was paid by the plaintiff in January, 1893, expecting, as he says, that the defendant would repay him.   Accordingly he presented it to the defendant with his bill for the first quarter's rent for 1893, and thereupon the difference of opinion between them as to their rights and obligations was disclosed.   After that each party insisted that the other should pay the water-bills, and, the plaintiff refusing to pay, the defendant, in order to prevent the city from shutting off the water, paid them, and now claims that he should be re-imbursed therefor by the plaintiff.   The bills were made out by the water department against the plaintiff.

At the trial of the case in the Common Pleas Division the defendant made several requests for rulings which in substance raised the question whether, in the absence of any stipulation in the lease, a landlord is bound to furnish his tenant with water from the city pipes when the house is fitted with pipes and fixtures obviously designed to receive and distribute it.   The court refused these requests, and on motion of the plaintiff directed a verdict for the plaintiff for the full

amount of the rent unpaid. .To these refusals and direction the defendant duly excepted.

We think the 'action of the Common Pleas Division was correct. It is not the duty of a landlord·to furnish water for the use of his tenant unless he has agreed to do so. The pipes and fixtures are appurtenances of the house, as gas-pipes and fixtures in place at the time of the letting are, and the use of them passes necessarily with the tenement. But the water, like gas, is a commodity in no way attached to the realty, not the property of the landlord, but to be furnished for a price by a third party. It is not the.duty of the landlord to keep the pipes in repair even (*McKeon* v. *Cutler*, 156 Mass. 296), much less to keep them filled with water. An agreement on the part of the landlord to pay water or gas-bills may be implied, no doubt, from circumstances, but the fact alone that the house is provided with pipes and fixtures is not sufficient. *McCarthy* v. *Humphrey*, 105 Iowa, 535. Nor do we think that the fact that the owner paid the first year's bill would justify an inference that he had agreed to do so or ought to estop him from insisting upon his right.

The statute establishing the city's water-works provides that the owner as well as the occupant of premises supplied with city water may be held liable to pay for it. Pub. Laws R. I. cap. 640, § 6, March 8, 1866. He paid, as he says, not as acknowledging his ultimate obligation as between himself and the tenant, 'but expecting to collect the bill with his rent. The tenant was not injured by this payment, and can claim no estoppel by reason of it.

Such an implication might arise from a general custom which the law would attach to the contract; but no such custom is proven in this case, and to be binding it would need to be universal and reasonable. Water is supplied to dwelling-houses in the city of Providence upon two plans of payment. In one, as in the case at bar, the water is measured by a meter and is paid for by the cubic foot; in the other it is supplied without measurement, and a fixed sum is charged for each faucet, bath-tub, etc. (*Regulations of the water department in evidence.*) In the latter case the landlord

knows in advance the amount which will be charged for water and can include that sum when fixing his rent. In such case the inference that he has done so and so assumed the payment of the bills would be much easier than when he puts it in the power of the tenant to draw an unlimited amount for which some one must pay an unknown price. It would be unreasonable to subject the landlord to such an indefinite burden, which his tenant could increase at will, without the clearest proof that he had voluntarily assumed it.

(5)    No case is cited by the defendant to support his theory of the law.   He urges that the law throws upon the landlord the obligation to pay all State, city, and county taxes and assessments which become chargeable during the term, and that if the tenant is compelled to pay such charges in order to have the use of the premises he may recover or retain such sums from the landlord.   Doubtless this is true, but the distinction is well drawn in *Badcock* v. *Hunt*, L. R. 22, Q. B. Division 145, between such public charges as are imposed upon one who has no choice in the matter and prices fixed for the use of water which the tenant may take or decline at his option.   Water, as supplied here, is a commodity which the tenant requires, but which he can purchase of others if he chooses to submit to that inconvenience.   The price charged for it is not a tax any more than the price charged for gas, electricity, steam, or coal, some of which are as necessary commodities as water.   Nor does the fact that the city supplies water and a private corporation supplies gas make one a tax rather than the other.   The city has no lien on the premises for the payment of water-bills, and so the charge is not an incumbrance which the tenant is presumed to pay on account of the landlord. ·

The case of *Leighton* v. *Ricker*, 173 Mass. 564, cited by the plaintiff, is exactly in point and coincides with the views we have stated.

A new trial must be denied, and the case remanded to the Common Pleas Division, with direction to enter judgment upon the verdict.

*Tillinghast & Tillinghast*, for plaintiff.

*W. B. W. Hallett and H. W. Kimball*, for defendant.