SECURITY MORTGAGE COMPANY, Appellant, *v.* I. SIDNEY KALLIS, Respondent.

(Supreme Court, Appellate Term, First Department, March, 1918.)

Counterclaim — interposition of — Municipal Court of city of New York — negligence — landlord and tenant — Municipal Court Code, §§ 84, 85, 86.

There is no limit upon the amount for which a counterclaim may be interposed under section 86 of the Municipal Court Code.

Under sections 84 and 85 of the Municipal Court Code, a counterclaim sounding in tort may be interposed in an action on contract.

In an action for rent and water charges brought in the Municipal Court of the city of New York the defendant may interpose a counterclaim based upon the plaintiff's breach of the contractual obligation contained in the written lease, and the mere fact that the pleading also contains allegations of plaintiff's failure, neglect and refusal to properly live up to those obligations does not change the nature of the claim from contract to tort, as the allegations with respect to negligence may be treated as surplusage.

Where the tenant for a counterclaim alleges that solely because of plaintiff's failure, neglect and refusal to repair the premises after a fire large quantities of water leaked through the roof into and upon the leased premises, causing damage to the tenant's merchandise, the tenant is not confined to the difference in rental value of the premises as they were and as they would have been if the landlord had fulfilled his covenant to repair, but recovery may be had upon the basis of damage to the merchandise.

Appeal from an order of the Municipal Court of the city of New York, borough of Manhattan, fifth district, overruling demurrer to counterclaim and denying plaintiff's motion for judgment on the pleadings.

Herbert G. McLear, for appellant.

Aronson & Salant (Louis Salant, of counsel), for respondent.

Delehanty, J.   The complaint alleges a cause of action for rent and water charges accruing under the terms of a written lease covering part of the premises 144 West Eighteenth street, New York.   The amount sued for is $735.64.   The answer admits the allegations of the complaint, and contains two counterclaims.

The first is based upon the breach of a covenant in the lease whereby it was specifically provided that if the demised premises should be damaged by fire they would be repaired by the plaintiff as speedily as

possible, and further that plaintiff would make all repairs necessitated by fire and repairs to the roof and exterior of the building. It is alleged that on or about the 8th of November, 1917, and during the continuance of the term, the building and premises, including the roof and exterior of the building, were damaged by fire, and the plaintiff, notwithstanding due and timely notice from the defendant, failed, neglected and refused to repair the said building and premises, and the roof and exterior of said building, except that plaintiff did make certain temporary repairs in an insufficient, unworkmanlike and dilatory manner; that solely because of the plaintiff's failure, neglect and refusal as aforesaid and because of the insufficient, unworkmanlike and dilatory character of the repairs, large quantities of water leaked through the roof and exterior of the building on or about the 30th day of November, 1917, into and upon the premises leased and occupied by the defendant and caused damage to the defendant's merchandise in the sum of $394.64; and that the said damage was caused solely by the negligence, carelessness and fault of the plaintiff, and without any negligence on the part of the defendant.

The second counterclaim repeats most of the allegations of the first, and alleges the occurrence of further damages to defendant's goods on December 8, 1917, in the sum of $664.65, by reason of the leaking roof and premises.

The plaintiff contends that since both counterclaims arise from the same alleged negligence of the plaintiff they constitute but one valid claim; and that since the total amount thereof exceeds the sum of $1,000 the Municipal Court is without jurisdiction to pass upon the same. To my mind, each occurrence of damage as enumerated in the respective counterclaims gave rise to a separate and complete cause of action,

and defendant has properly set them forth in his answer.

In order to remove any doubt that may exist, however, as to whether the Municipal Court Code limits the amount of a counterclaim which may be interposed to the sum of $1,000, let it be assumed for the purpose of argument that the plaintiff's theory herein is correct, and that the counterclaim contains a demand for more than the sum specified.

The section of the Municipal Court Code in relation to the point under consideration reads as follows:

" Section 86: A counterclaim may be interposed and judgment thereon in favor of the defendant may be rendered for any sum not to exceed one thousand dollars exclusive of interest and costs."

A strict construction of this provision leads to the conclusion arrived at by the plaintiff, but it seems to me that in order to make the statute effective a broad and liberal construction is required. One of the reforms sought to be accomplished by the passage of the Municipal Court Code was to enable parties to settle all their differences in one action. Furthermore, the fixed policy of the law is to decrease so far as possible a great amount of unnecessary litigation and to reduce thereby the expense of obtaining and dispensing justice. This is particularly true with respect to matters of practice and procedure. Therefore the section under consideration should be construed to mean that while the amount of any judgment that may be rendered on a counterclaim is limited to $1,000 exclusive of interest and costs, there is no limit upon the amount for which the counterclaim may be interposed.

The plaintiff sets forth as his second ground for reversal of the order herein that the counterclaims are founded in tort and are therefore improperly inter-

posed in an action upon a contract. A careful reading of the language employed by the defendant discloses that the counterclaims are based upon the landlord's breach of the contractual obligations contained in the written lease. The mere fact that the pleading also contains allegations of failure, neglect and refusal on the landlord's part to properly live up to those obligations does not change the nature of the claim from contract to tort. The allegations with respect to negligence may be treated as surplusage and there remains a good cause of action on contract. *Levy* v. *Roosevelt,* 131 App. Div. 8. Furthermore, the plaintiff's point is not well taken for the reason that under the Municipal Court Code as it now stands a counterclaim founded in tort may be interposed in an action upon a contract. Mun. Ct. Code, §§ 84, 85.

It is also contended that inasmuch as defendant was in default in payment of rent prior to the time his alleged damage occurred the counterclaims herein do not contain facts sufficient to constitute a cause of action. I am unable to find authority for such a proposition, and there is nothing in the complaint from which it may be inferred that under the lease sued upon the payment of rent in advance was a condition precedent to plaintiff's obligations to repair.

As to the rule of damages covering the situation presented, the tenant is not confined to the difference in rental value of the premises as they were and as they would have been if the landlord had fulfilled his covenant to repair, but recovery may be had upon the basis of damage to the merchandise.

The order should be affirmed, with ten dollars costs.

· Guy and Philbin, JJ., concur.

Order affirmed, with costs.