JERSEY SILK & LACE STORES, INC., Plaintiff, *v.* BEST SILK SHOPS, LTD., and Another, Defendants.

City Court of New York, Bronx County, June 14, 1929.

*William Kessler* [*Louis L. Tetelman* of counsel], for the plaintiff.

*Joseph Dannenberg* [*Irving J. Joseph* of counsel], for the defendants.

EVANS, J.   The action is by a tenant of an entire building against its lessor for damage to silk caused by rain leaking through the roof.   The lease contains a covenant requiring the tenant to make all repairs " excluding the roof."   The lessor possessed the building from the owner, under a lease in the same form as the one between plaintiff and defendant.   Another covenant, of importance, at bar, exempts the landlords from liability for leakage and is in the same form as the same kind of covenant found in *Kessler* v. *The Ansonia* (222 App. Div. 148) and *Lowy & Feffer, Inc.,* v. *Mor-Ro Realty Corp.* (223 id. 621).   There is no statute, applicable to this building, requiring the landlord to keep the roof in repair.   The roof was not in the sole control of the landlord.   The tenant had equal right of access to the roof, and could make reasonable and necessary repairs to the roof if it wished to.

The complaint stated a cause of action in negligence and upon breach of covenant, but the causes of action were merged, and not separately stated and numbered.   Plaintiff was compelled to elect before going to the jury as to whether it desired to proceed in tort or for breach of covenant to repair.   It elected to proceed on the covenant.   The procedure was proper.   So long as the complaint stated a cause of action in contract, the allegation of negligence may be treated as surplusage.   (*Levy* v. *Roosevelt,* 131 App. Div. 8.)   The covenant in the lease requires the tenant to make all repairs " excluding the roof."   Such a covenant casts the duty of making repairs to the roof upon the landlord, especially where, as at bar, his conduct shows that he recognizes that obligation.   (*Woodward* v. *Jones,* 15 Misc. 1.)

If breach of covenant to repair premises of a tenant, in a building which he occupies with other tenants, does not, at common law, amount to a tort so as to sustain an action in negligence (*Flynn* v. *Hatton,* 43 How. Pr. 333; *Sanders* v. *Smith,* 5 Misc. 1; *Schick* v. *Fleischhauer,* 26 App. Div. 210; *Wynne* v. *Haight,* 27 id. 7; *Van Tassel* v. *Read,* 36 id. 529; *Miller* v. *Rinaldo,* 21 Misc. 470), it is quite clear that a similar breach of covenant to repair by the landlord cannot sustain an action in tort by a tenant who exclusively occupies the whole building.   The landlord, at common law, may be sued in tort only for failing to keep in repair that part of the premises exclusively within his control, and used in common

by more than one tenant. (*Kramer* v. *Stone*, 176 App. Div. 549; *Cohen* v. *Cotheal*, 156 id. 784.) At bar the tenant had access to and control of the roof, to at least the same degree as the landlord. If plaintiff has any cause of action it is only for breach of covenant to repair the roof. (*Boden* v. *Scholtz*, 101 App. Div. 1.)

The question then turns upon the measure of damages. Here the plaintiff recovered for damage to silk caused by a leaky roof.

Ordinarily the measure of damages is the difference between the rental value of the premises with the covenant broken and the rent agreed to be paid. (*Myers* v. *Burns*, 35 N. Y. 269.) Another rule says that the tenant has no right to expose his property to damage, and if a landlord has promised to repair and does not do so, the tenant has no right to take the hazard, and if he does and his property is injured he cannot recover of the landlord therefor. (*Cook* v. *Soule*, 56 N. Y. 420; *Reiner* v. *Jones*, 38 App. Div. 441.) But the latter rule seems applicable only to cases where the requisite repairs are trifling and the damage by not making them is large. In such a case the tenant is charged with the duty of making the repairs and charging the landlord with the cost. (*Cook* v. *Soule*, 56 N. Y. 420, 423.) It is the old rule, in another form, that one cannot recover large damages, when he can avoid it, and where he can make the damage small. In cases where the repairs to be made by the landlord were of a substantial or permanent character, and he failed to make them in breach of his covenant, he was held liable for damage to merchandise, as an immediate consequence of the breach. And damage to goods by rain was held to be recoverable in actions for breach of covenant to repair. (*Levy* v. *Roosevelt*, 131 App. Div. 8; *Security Mortgage Co.* v. *Kallis*, 102 Misc. 693; *Pratt, Hurst & Co., Ltd.*, v. *Tailer*, 186 N. Y. 417.)

The evidence at bar showed a substantial repair required to the roof. The landlord, lessor, recognized his obligation to repair, and in turn required his lessor (the owner) to repair, under a precisely similar covenant to repair the roof. Neither the owner nor the landlord made any repairs, although it was ascertained to be necessary after notice.

The only serious point raised in opposition to the verdict is that the landlord is exempted from liability by the lease for leakage. Such a clause in a lease is not effective to exempt the landlord from negligence. (*Kessler* v. *The Ansonia*, 222 App. Div. 148; *Lowy & Feffer, Inc.*, v. *Mor-Ro Realty Corp.*, 223 id. 621.) But I can see no reason why it is not perfectly good to exempt the landlord from a contractual liability. That is the contract of the parties. While one clause of the lease impliedly obligates the landlord to repair the roof, another clause in the same lease saves

him from liability for damage from leakage. We cannot change the contract as made by the parties. And since the only theory upon which the landlord can be held is breach of covenant to repair, and the very covenant exempts the landlord from liability for the precise cause of the damage, it follows that plaintiff has no cause for action for damage to the silk by leakage of water. The clause exempting defendant from damage for leakage will not deprive plaintiff from recovering the difference between the rental value of the premises with the covenant broken and the rent agreed to be paid, nor of the reasonable cost of repairing the roof, if the tenant had made the repairs. The verdict of the jury is set aside and a new trial ordered.