[Sac. No. 5070. In Bank.—February 23, 1937.]

C. E. PAGE, Appellant, v. CITY OF SANTA ROSA (a Municipal Corporation) et al., Respondents.

A. W. Hollingsworth for Appellant.

Edward T. Koford, City Attorney, for Respondents.

SEAWELL, J.—The allegations of plaintiff's first amended complaint, whereby he prays for injunctive relief, in substance are that the City of Santa Rosa was and is a municipality, organized and existing under a freeholders' charter and, by virtue of said charter, exercises all its powers of government through the city council; that said city is and for a number of years last past has been the owner of a water system, used and maintained for the purpose of supplying the *inhabitants* of said city with sufficient water for all ordinary, usual, domestic, household and sanitation purposes; that its Board of Public Utilities at all times herein mentioned was in control of the operation of said water system; that on May 4, 1934, and for many years prior thereto, plaintiff has been and now is the owner of a certain apartment dwelling located in said city and, during all of said time, defendants have furnished plaintiff with sufficient water for domestic purposes from said system "that was used in and about the said premises for domestic purposes and said water is necessary to the full enjoyment, health, convenience and cleanliness of the tenants therein"; that all the water supplied by the

defendants to said premises and which was used on the premises during the months of February and March, 1934, was used wholly for domestic purposes by families residing on said premises and for no other purpose; that section 25, City Charter, provides that "the Board of Public Utilities shall provide for furnishing water in a reasonable quantity free for domestic quantity use". (Respondents' brief supplements the concluding clause of the above sentence by adding the words "but there shall be no free water for other than domestic use".)

Continuing, it is alleged that neither during the month of February nor March, 1934, or at all was any water used on said premises by the occupants thereof or any other person in quantities greater than was necessary for the health, convenience, cleanliness and comfort of the occupants of the said premises; that on May 4, 1934, defendants, without right, made demand of plaintiff that he pay a tax or charge for water used by him at said premises and threatened to and would, if the sum demanded was not paid (unless restrained by order of court) turn off plaintiff's water supply at said premises, thereby depriving plaintiff of his right to receive a reasonable quantity of water for domestic use on said premises, as provided by said city charter. Plaintiff alleges that his premises will become unsuitable for human habitation and he will be deprived of all beneficial use of said premises. Plaintiff further alleges that the exact quantity of water necessary for reasonable domestic use in said premises is not known to him and it cannot be ascertained; that the amount of water for reasonable use is dependent upon the seasons, weather conditions, the state of health and number of occupants and additions to the families and circumstances over which he has no control.

The prayer is that defendants be restrained from turning off or otherwise interfering with the property of plaintiff and that said tax or demand of defendants be decreed to be void.

Defendants demurred generally and specially. The special demurrer was based on the several grounds set out in separate paragraphs, that said amended complaint was ambiguous, unintelligible, and uncertain, for the reason that it was not alleged in said amended complaint, nor can it be ascertained therefrom, whether plaintiff was or was not in the actual use and occupation of said premises or whether said premises

were used and occupied by tenants. The demurrers were sustained on both grounds, without leave to amend, on application made to do so, and judgment of dismissal was entered against plaintiff. Hence this appeal.

We are of the opinion that the order sustaining both demurrers must be sustained.

■ It is apparent that all the provisions of the charter affecting the main question are not set out. Neither does it appear from the face of the amended complaint what regulatory rules were adopted by the Board of Public Utilities. Section 25 of the charter makes it mandatory upon that board to provide regulations for furnishing water in reasonable quantities free for domestic use. Its language is that "the Board *shall* provide for furnishing water in a *reasonable* quantity free for domestic quantity use". It must be presumed that the board obeyed the mandate of the charter provision and adopted rules or schedules allotting to individuals and to families consisting of a definite number the quantity of water which had been determined by rule or order to be reasonable for domestic purposes. Such a regulation would be in the exercise of a function which it is unquestionably within the power of the board to exercise and the reasonableness of the board's rules has not been questioned in this proceeding. It would also be entirely within the power of the board, upon fixing a definite quantity as a reasonable amount for domestic uses, to make a charge for the use of any water in excess of the quantity found to be reasonable. Water may be wastefully used in serving domestic uses and for that and other reasons its use is subject to regulation. The power to determine the question of reasonable use must be reposed in some authorized person, body or commission. That power in the instant case is unquestionably delegated by charter provision to the Board of Public Utilities and the legal presumption that official duty has been regularly performed is conclusive in the absence of contrary proof. (Sec. 1963, subd. 15, Code Civ. Proc.) ■ There is no denial or pretense that it has not performed its duty. Its action in this respect need not be left in doubt, as the fact could readily have been determined by an inspection of the public records of the city. Neither does the amended complaint allege that the quantity fixed by the city was not exceeded by the users. The error of plaintiff is that he has set up his

own standard as to the quantity of water that is necessary for domestic uses and he does not traverse the presumption that the city has fixed a standard of reasonableness and has provided that a charge will be made for any excessive use. The complaint does not contain any allegation that the board has not provided, in case the charge for excessive use is not paid by the user, that a discontinuance of the service will be made. ■ The owner of the premises cannot compel the city to furnish water to his tenants who are in default in their compliance with the city's rules and regulations, adopted by virtue of charter provisions.

The last paragraph of the amended complaint alleges that said premises "are occupied by tenants of the plaintiff and if said water is turned off as threatened, the said premises will become untenantable and said tenants will be forced to move away and vacate said premises and deprive plaintiff of his income therefrom, and it is extremely difficult to ascertain the amount of compensation which would afford plaintiff adequate relief", etc. The same argument could be made by the owner for the continuance of service to his tenants if the gas or electric current or telephone service were discontinued, for the reason that his tenants had failed or refused to pay for the service. There seems to be no merit in such a contention. The city charter does not limit the use of water to property owners but extended the right equally to the "inhabitants" of said city. The tenants are inhabitants and occupants of property and their rights to the use of water is derived by virtue of such occupancy and their status as *inhabitants* is not dependent upon plaintiff's ownership of said apartments.

No attempt has been made to allege that either the tenants or owner have complied with such rules and regulations as were prescribed by the Board of Public Utilities. It is plain from an examination of the pleadings that the plaintiff is not an occupant of the premises in question and that he is attempting to act for the real defaulting water users who are his tenants. At common law there is no duty or obligation on the part of the landlord to furnish water to his tenants. (*Waldron* v. *International Water Co.*, 95 Vt. 135 [112 Atl. 219, 13 A. L. R. 340].) The owner of the premises has no standing to complain of the refusal of the public utility to supply his tenant with water. Neither can he be held

liable for the bills of his tenant. (*Waldron* v. *International Water Co., supra,* citing *Brass* v. *Rathbone,* 153 N. Y. 435 [47 N. E. 905]; *McCarthy* v. *Humphrey,* 105 Iowa, 535 [75 N. W. 314]; also, *City of Onawa* v. *Mona Motor Oil Co.,* 217 Iowa, 1042 [252 N. W. 544].)

No showing is made that any contractual relations existed between plaintiff and his tenants. The rule in such cases, under a charter which entitles all the inhabitants of a municipality to the use of water, such as the one before us, is that the water is supplied to the inhabitants and not to the owners of the premises. The tenant users of water, in the absence of charter or statutory provisions to the contrary, are responsible for charges made for the excessive use of water by them and the owner of the premises cannot be held liable or responsible for such excessive or unlawful use solely for the reason that he is the owner of the premises. Plaintiff has not shown himself entitled to the relief sought.

The judgment of dismissal is affirmed.

Curtis, J., Langdon, J., Thompson, J., and Waste, C. J., concurred.