[Civ. No. 5710.   Fourth Dist.   Dec. 13, 1957.]

GEORGE MOORE et al., Appellants, v. TWENTYNINE PALMS COUNTY WATER DISTRICT et al., Respondents.

Gordon Cologne and LaVelle Nickerson for Appellants.

Bayard R. Rountree for Respondents.

MUSSELL, J.—Plaintiffs, by this proceeding, seek a writ of mandate directing the defendant Twentynine Palms County Water District and its directors to immediately deliver water to plaintiffs at a certain place or "tap" within said district. The trial court sustained a demurrer to plaintiffs' second amended petition without leave to amend and plaintiffs appeal from the judgment dissolving the alternative writ of mandate theretofore issued and decreeing that plaintiffs are not entitled to relief upon their second amended petition.

It is alleged in plaintiffs' amended petition, in substance, that the defendant, Twentynine Palms County Water District, and its predecessors in interest, Frank Bagley and Abell Water Company, did daily and for many years prior to the filing of this action deliver and supply to plaintiffs water at a certain public "tap" located within the service area and boundaries of said district; that the Twentynine Palms County Water District was organized in June, 1954, and acquired the interest of Abell Water Company and the interest of Frank Bagley in the well on his property upon which said "tap" is located; that on or about September 14, 1956, the said district cut off said supply of water and has failed and refused to resume delivery thereof to the public or to the petitioners in the manner theretofore established; that plaintiffs served a written demand on said district that water deliveries at said "tap" be resumed and offered to pay any rents or charges required for such service.

The sole question here is whether the trial court abused its discretion in sustaining the demurrer without leave to amend.

The petitioners are here attempting to compel the defendant district to supply water to them at a particular "tap" and there are no allegations in the petition that the district is required by law or otherwise to supply water to petitioners at the "tap" described. ██ While the use of water required for the purpose of any district is a public use (Wat. Code, § 31043), the district may establish rules and regulations for the sale, distribution and use of water in the district (Wat. Code, § 31024). ██ It must be presumed that the district adopted reasonable rules and regulations as to supplying water to petitioners and to others within the district. The failure to allege compliance with such rules and regulations renders plaintiffs' petition vulnerable to attack by general demurrer. (*Page* v. *City of Santa Rosa,* 8 Cal.2d 311 [65 P.2d 775]; 32 Cal.Jur.2d, Mandamus, § 25.) ██ On a demurrer, it is to be presumed that the district performed its official duty and has taken all the legal steps required of it. (32 Cal.Jur.2d, Mandamus, § 64.) There are no allegations in the petition indicating that the district is failing to supply water to plaintiffs; that they are not receiving adequate water from the district at points other than the "tap" described; that they have suffered injury by reason of the acts of the defendant district or that the district refused to deliver water to them. Furthermore, the plaintiffs do not allege that they own or have property rights in the water from the well involved nor do they allege facts entitling them to a writ of mandate compelling the defendants to furnish them water at a particular place in the district.

██ Mandamus is a remedy which is awarded not as a matter of right but in the exercise of a sound judicial discretion. (*Hutchinson* v. *Reclamation Dist. No. 1619,* 81 Cal. App. 427, 433 [254 P. 606].) ██ The general rule is that it is an abuse of discretion to sustain a demurrer without leave to amend unless the complaint shows on its face that it is incapable of amendment. (*Phillips* v. *Phillips,* 137 Cal. App.2d 651, 653 [290 P.2d 611].) ██ However, in the instant case plaintiffs' amended the original petition twice and the demurrer was sustained to their second amended petition. It does not appear that plaintiffs could amend their petition so as to state facts entitling them to the writ sought and the court was not required to give them leave to amend.

(*Taliaferro* v. *Prettner,* 135 Cal.App.2d 157, 160 [286 P.2d 977].) ▮ No abuse of discretion appears in the order sustaining the demurrer.

Judgment affirmed.

Barnard, P. J., concurred.