Sterling Savings & Loan Association, Plaintiff-Appellant, v. Reserve Insurance Company, Defendant-Appellee.

**Gen. No. 50,148.**

First District, First Division.

October 18, 1965.

Rosenthal & Feldman, of Chicago (Melvin B. Lewis and E. Leonard Rubin, of counsel), for appellant.

Heineke, Conklin & Schrader, of Chicago (J. William Cuncannan and Paul H. Heineke, of counsel), for appellee.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court.

Plaintiff, Sterling Savings & Loan Association, brought suit as mortgagee on a fire insurance policy for loss to property which secured its loan. Defendant, Reserve Insurance Company, insurer, denied liability

upon the ground that plaintiff was restricted by the mortgagee clause of the policy to file suit within one year of the fire loss and having filed its action beyond that period it came too late. Based upon the pleadings, the trial court dismissed the suit and plaintiff brought this appeal.

No facts concerned in this appeal are in dispute. The policy involved was the Standard Fire Policy with attached Standard mortgagee coverage as prescribed by the Illinois Director of Insurance since September 15, 1945. The following provisions are indicated to us as relevant to the determination of this cause:

### GENERAL POLICY PROVISIONS

*Requirements in case loss occurs:* "The insured shall give immediate written notice to this Company of any loss . . . and within sixty days after the loss, unless such time is extended in writing by this Company, the insured shall render to this Company a proof of loss . . ."

*Appraisal:* "In case the insured and this Company shall fail to agree as to . . . the amount of loss, then, on the written demand of either, each shall select a competent and disinterested appraiser. . . ."

*When Loss Payable:* "The amount of loss . . . shall be payable sixty days after proof of loss . . . and ascertainment of the loss is made either by agreement between the insured and this Company . . . or by the filing with this Company of an [appraiser's] award. . . ."

*Suit:* "No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements

of this policy shall have been complied with and unless commenced within twelve months next after inception of the loss."

## SPECIAL MORTGAGE PROVISIONS

". . . This insurance, as to the interest of the mortgagee only therein, shall not be invalidated by any act or neglect of the mortgagor or owner of the within described property. . . ."

"If the insured fails to render proof of loss such mortgagee, upon notice, shall render proof of loss in the form herein specified within sixty (60) days thereafter and shall be subject to the provisions hereof relating to appraisal and time of payment and of bringing suit."

The fire for which damages were sought occurred on October 22, 1959 and during the effective period of the policy. The insured (mortgagor) filed no proof of loss as required. Defendant, the insurer, arguendo, admits giving plaintiff, the mortgagee, no notice of the insured's failure to file proof of loss. Plaintiff filed suit on June 20, 1962, some thirty-two months after the fire occurred.

The sole issue here involved is whether the mortgagee is required to bring suit within twelve months after inception of the loss, when it has not been put on notice that the insured failed to make proof of loss as required of him.

Plaintiff says that the issue is a matter of first impression in this state. We find no Illinois decision covering it nor was any cited. It is therefore appropriate to consider the decisions of those jurisdictions which have passed upon the same or similar provisions.

The United States Circuit Court of Appeals for the Ninth District, on August 19, 1964 in the case of

Blanton v. Northwestern Nat. Ins. Co., 335 F2d 965, decided the effect of identical provisions in a standard form policy prescribed by the Commissioner of Insurance of the State of Ohio. In Blanton, as in the case before us, the insured failed to file proof of loss, as required, and the mortgagee was not notified of that fact. The insured filed suit more than sixteen months next after the inception of the loss, and the mortgagee intervened more than twenty three months after the loss. The Court of Appeals, in sustaining the District Court's dismissal of the case, adopted the trial court's statement that the provisions of the policy that no suit or action shall be sustained unless commenced within twelve months next after the inception of the loss, was valid and binding on the intervenor. The provision of the standard mortgage clause which provided that the "mortgagee's interest shall not be invalidated by any act or neglect of the mortgagor" did not render the limitation provision of the policy inapplicable to the intervenor. The court said it was not concerned with respect to those provisions of the policy which required the rendition to the insurance company of proof of loss within specified periods, if there was no waiver of the twelve month limitation for the commencement of the action, since a waiver of the requirement to file proofs of loss does not per se waive the contractual requirement that a suit must be filed within a specified period.

Plaintiff admits that Blanton supports the defendant's position but argues that the decision should not be valid in Illinois. One of the reasons plaintiff advances is that Blanton relies on Howe v. Mill Owners' Mutual Fire Ins. Co., 271 NYS 639, 241 App Div 336 and that while the policy construed in Howe is not set forth within the opinion, it is very clear that it was a basically different policy from that in the instant case. Howe was an action by a mortgagee to recover

upon a windstorm insurance policy. The complaint was not served until more than two years after the alleged loss occurred. In the trial court, the defendant's motion to dismiss on the ground that the complaint was fatally defective by reason of its failure to allege affirmatively either plaintiff's compliance with the conditions of the policy prescribing the short period of limitation of action (12 months) or to plead a waiver thereof, was denied. The reviewing court reversed on the law and defendant's motion to dismiss complaint was granted.

That court there found that although the complaint did not set forth either the policy or the standard mortgage clause in full, it did allege that the defendant executed and delivered a New York standard form mortgage clause which was attached and formed a part of the policy of insurance. The statutes of New York did not prescribe a standard form of policy for windstorm insurance. However, it was conceded that the policy in question was in the form commonly used by insurance companies issuing such policies in the state. In checking the New York forms effective at the time described in the Howe case we find that the standard mortgage clause prescribed, among other things, that "Upon failure of the insured to render proof of loss such mortgagee shall, as if named insured hereunder, but within sixty days after notice of such failure, render proof of loss and shall be subject to the provisions hereof as to appraisal and times of payment and of bringing suit . . ." Richards on Insurance 5th ed Vol 4 p 2009. We, therefore, disagree with the plaintiff that there was dissimilarity with the policy provisions in Howe and our case. In fact the Howe provision was more favorable to the mortgagee because it required proof of loss "but within 60 days *after* notice . . . ." The court, in Howe, narrowed its inquiry to the question: "Does the clause of the policy

in suit, which limits to twelve months the period within which an action may be brought thereupon, apply to the rights of the plaintiff, a mortgagee?" It cited from cases holding that "[B]y taking the insurance in the manner the mortgagee did, instead of taking out a separate policy, all the provisions in the policy, which from their nature would properly apply to the case of an insurance of the mortgagee's interest, would be regarded as forming part of the contract with him, while those provisions which antagonize or impair the force of the particular and specific provisions contained in the clause providing for the insurance of the mortgagee, must be regarded as ineffective and inapplicable to the case of the mortgagee."

■ The court found no inconsistency between the particular provisions of the mortgage clause before it and the clause in the insurance policy which limited to twelve months the time within which any action upon the policy had to be commenced. "There was no provision in the one which can be reasonably construed to 'antagonize or impair the force of' the other." The court held the provision clear and unambiguous that: "No suit . . . shall be sustainable . . . unless . . . commenced within twelve months. . . ." It was broad in scope and so far as the mortgagee's rights were concerned, was not contingent upon nor did it relate to any personal default or omission by the insured. It gave the mortgagee the right to commence action for his own benefit within twelve months after the loss occurred.

■ We deem other reasons argued by plaintiff why Blanton should not be accepted in Illinois to be inappropriate and unconvincing. We believe that when uniform and standard forms of statutes and provisions affecting human transactions are adopted, the jurisdictions accepting such standards should apply uniform interpretations and effect to them. We

▮▮▮▮▮▮

believe the reasoning and pronouncements in both Blanton and Howe logical and sound.

We find no error in the trial court's order and its judgment is affirmed.

Affirmed.

BURMAN, P. J. and MURPHY, J., concur.