240 A.2d 722.

Luigi Ferro *et ux. vs.* Evelyn Ferrante.

APRIL 18, 1968.

Present: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

Paolino, J.   This complaint for trespass and ejectment was brought by the plaintiffs to recover possession of certain premises owned by them and occupied by the defendant.   They allege therein that the defendant had failed to pay the monthly rent in accordance with the provisions of a written lease.   After an adverse decision in the district court, the case was heard, on defendant's appeal, before a justice of the superior court and a jury.   At the close of all the evidence, the plaintiffs moved for a directed verdict.   The trial justice reserved decision thereon under rule 50 (b)

(formerly superior court rule 46 (a) ) of the rules of civil procedure of the superior court and submitted the case to the jury, which returned a verdict for the defendant. After he discharged the jury, the trial justice granted the plaintiffs' reserved motion for a directed verdict and ordered a judgment to be entered thereon. The case is before us on the defendant's appeal from such judgment.

The record discloses the following pertinent facts. The premises involved consist of a small variety store in the city of Cranston. On December 23, 1964 defendant executed a written lease of said premises with plaintiffs, Elizabeth and Luigi Ferro, her mother and stepfather respectively. The lease provided for a term of ten years, at an annual rental of $600 payable in equal monthly installments of $50 per month in advance on the first business day of each month. The lessee covenanted that she would pay the rent in accordance with the terms of the lease; and that

"* * * in case of failure on her part to pay the same within thirty (30) days subsequent to the time above specified, (and it shall not be required that any demand be made for the same), or in case of failure to perform all the covenants and agreements contained in this Lease on the part of the said Lessee to be kept and performed, the said Lessors, their heirs and assigns, shall be at liberty to enter upon said premises and declare this Lease at an end and take immediate possession of the premises * * * ."

The lease also contains the following pertinent covenants by the lessee, namely,

"* * * that said Lessee will keep the interior of the premises in good repair * * *"

and

"* * * the Lessee covenants and agrees that she will furnish at her own expense all commodities such as gas, electricity, etc., except water charges."

The defendant operated the store with her husband. It appears that as time went on the parties became involved

in a family quarrel. The instant action resulted from plaintiffs' refusal to repair a leak in a hot water tank located in the store and defendant's action in deducting from one of the monthly rent payments the amount it cost her to repair the leak. The water furnished to the store comes through a water pipe leading from the cellar of plaintiffs' home. The shutoff valve for this water service is located in the cellar of plaintiffs' home. There is no evidence that plaintiffs ever denied defendant access to the shutoff valve. According to the testimony of defendant and her husband, the tank was continually leaking and defendant notified plaintiffs of this condition and requested them to repair the leak. The plaintiffs refused to do so on the ground that they were not required under the lease to make any interior repairs and that it was defendant's obligation to keep the interior of the premises in good repair.

In July 1966, defendant's husband called a plumber to repair the water tank at a cost of $10. When defendant mailed her rent for the month of August 1966, she sent a check in the sum of $40 instead of $50 as called for in the lease. She deducted the sum of $10 for the repairs made to the water tank with a note explaining the reason for the deduction. Mr. Ferro denied receiving the letter but acknowledged receipt of the $40 check.

The plaintiffs then commenced the instant action on the ground that defendant had failed to pay the rent in accordance with the terms of the lease.

As we have stated previously, the trial justice, after reserving decision on plaintiffs' motion for a directed verdict, submitted the case to the jury on the theory that the case presented a question of fact. He charged, in part as follows:

"Now the simple issue before you * * * is did * * * the Plaintiff, satisfy you by a fair preponderance of the evidence that the Defendant did breach the lease * * *."

"* * * the question before you is who had the burden or who had the obligation of repairing the defective

equipment in the premises occupied by the Defendant? Was the obligation to repair on the part of the Defendant, or was the obligation to repair that of the Plaintiff."

He then instructed the jury to read the lease and to find for plaintiffs if defendant was obligated to make the repairs, or for the defendant if the obligation to repair was upon plaintiffs. No exception was taken to the charge.

After the jury returned a verdict for defendant, the trial justice discharged the jury and granted plaintiffs' reserved motion for a directed verdict. He based his decision on the following. Under the law of this state as set forth in *Whitehead* v. *Comstock & Co.*, 25 R. I. 423, 56 A. 446, defendant was obligated to make the instant repairs. That case held at 425, 426, 56 A. at 447, 448, as follows:

" '* * * the lessee takes the risk of condition, unless he protects himself by express covenant. * * *' "

"* * *

"In the case at bar there is no allegation that the defendants agreed to keep the premises in question in repair, or that they agreed or promised to do anything, in connection with the use thereof by the plaintiff, except to provide him with water, and this they did. But for this special agreement the defendants would have been under no obligation to furnish water even; as 'it is not the duty of a landlord to furnish water for the use of his tenant unless he has agreed to do so.' * * *"

The trial justice concluded that there is no express covenant in the instant lease which requires the lessors to repair the hot water tank; and that the provision in the lease stating that the lessee is to "* * * furnish at her own expense all commodities such as gas, electricity, etc., except water charges" does not require the lessors to maintain in a reasonable condition the conduits supplying said water.

We first consider defendant's contention that the trial justice is bound to follow his charge to the jury, to which no objection has been made, when passing on a reserved

motion for a directed verdict; and that therefore the trial justice should have been precluded from following the law set forth in *Whitehead, supra,* since he did not charge the jury accordingly.

In this state the legislature has precluded a trial justice from considering the correctness of his charge when passing on a motion for a new trial. General laws, 1956, §9-23-1, as amended, states explicitly that a new trial may be granted "* * * for any reason for which a new trial is usually granted at common law, other than error of law occurring at the trial."[1]

We find, however, no similar legislative restriction on a trial justice passing upon a reserved motion for a directed verdict. We therefore shall set forth a rule which we feel best governs the situation before us.

It is our opinion that in passing upon a reserved motion for a directed verdict, a trial justice is not bound by his instructions to the jury. In so doing, we take this opportunity to clarify the often misunderstood distinction between waiver and law of the case.

In *Madsen* v. *Metropolitan Life Ins. Co.,* 90 R. I. 176, 156 A.2d 203, the defendant contended that the trial justice erred in refusing to grant his motion for a directed verdict which he made at the close of the evidence. Although the defendant took an exception to the trial justice's ruling, he failed to do the same with respect to the trial justice's charge to the jury. The plaintiff contended that since no exceptions were taken to the trial justice's instructions, they became the law of the case for the purpose of determining the sufficiency of the evidence to support the ruling of the trial justice. We said at 181, 156 A.2d at 205:

> "There is no merit in plaintiff's contention that because of defendant's admitted failure to except to the

---

[1] It should be noted, however, that this rule has not generally been followed in other jurisdictions. 66 C.J.S. New Trial §38 at 132.

charge of the trial justice, this court in passing upon the instant motion is bound by the law given in such charge. The doctrine of the law of the case does not apply in the review and consideration of an exception to the denial of a motion for a directed verdict."

See also the related cases of *Coca Cola Bottling Co.* v. *Hubbard,* 203 F.2d 859 (8th cir.), and *Mitchell* v. *Lagarsky,* 95 N. H. 214, 60 A.2d 136.

*Madsen, supra,* however, is distinguishable from the case before us. In that case the law upon which the trial justice based his ruling on the motion for a directed verdict and upon which he charged the jury was identical. An exception by the defendant to the denial of his motion for a directed verdict was sufficient to protect the record for the purpose of challenging that ruling on appeal. By failing to object to the trial justice's charge, defendant did not waive his right to challenge the trial justice's ruling on his motion for a directed verdict. *Cf. Renault* v. *John Hancock Mut. Life Ins. Co.,* 98 R. I. 213, 220, 200 A.2d 588, 591. In these circumstances, notwithstanding our rulings in other areas of the law, to hold that a party must object to the same error of law every time it appears in a proceeding in order to question that error on appeal would place an undue burden upon him.

In the instant case the trial justice charged the jury on one rule of law and then granted plaintiff's motion for a directed verdict on what he termed to be the correct rule of law. The issue before us, therefore, is not whether defendant has waived his right to challenge the trial justice's ruling but whether the trial justice, in passing on plaintiffs' motion, was bound by the law he gave to the jury. Our conclusion that he was not is based upon our belief that the perpetuation of error is not in the best interests of justice.

We take this opportunity to point out, however, that we do not approve of the practice whereby a trial justice might

charge a jury on one rule of law and pass upon a reserved motion for a directed verdict on another unless the circumstances clearly warrant it. As Justice Frankfurter said in *Wilkerson* v. *McCarthy*, 336 U. S. 53, 65, 69 S. Ct. 413, 419, 93 L.ed. 497, 506:

> "* * * The easy but timid way out for a trial judge is to leave all cases tried to a jury for jury determination, but in so doing he fails in his duty to take a case from the jury when the evidence would not warrant a verdict by it. * * *"

The defendant next contends that under the provisions of the lease the question of whose duty it was to repair the leaking hot water tank was one of fact, and not of law. She points to the provision requiring plaintiffs to pay for the water and to the fact that the lease is silent on the question of who was to maintain and keep the water pipe in repair. She argues further that the interpretation of the pertinent provisions of the lease presented a question of fact upon which reasonable minds could differ and that it would have been reasonable to infer that the lessors had the obligation of maintaining the water pipes and tank in good repair. In the circumstances, she claims the trial justice did not correctly pass upon the motion for a directed verdict in that he failed to view the evidence in the light most favorable to defendant and to give her the benefit of all reasonable inferences which could be properly drawn in her favor from the evidence. We do not agree.

On this record plaintiffs were entitled to a directed verdict at the close of all the evidence. The only issue before the court at that time was whether the obligation to repair the leak in the hot water tank rested on the plaintiffs or the defendant. The rule in this state is that in the absence of statute and in the absence of a controlling covenant, a lessor is not under a duty to maintain leased premises in a state of repair. *Sheldon* v. *Hamilton*, 22 R. I. 230, 47 A. 316; compare *Whitehead* v. *Comstock & Co., supra*. There

is no express covenant on the part of the lessors in the instant lease to repair the water tank.

There is some authority in this country that a lessor may be bound by an implied covenant to repair because of a limited duty to repair placed upon the lessee, especially if the lessor has recognized his obligation by making such repairs previously. *Jersey Silk & Lace Stores, Inc.* v. *Best Silk Shops, Ltd.*, 134 Misc. 315, 235 N.Y.S. 277. *Contra*: *Plate Glass Underwriters' Mutual Ins. Co.* v. *Ridgewood Realty Co.*, 219 Mo. App. 186, 269 S.W. 659. See *Fischer v. Collier*, Fla. App., 143 So.2d 710. The defendant argues that such an implied covenant exists because defendant promised that she would keep the interior of the premises in good repair and would furnish at her own expense all commodities such as gas, electricity, etc., *except water charges*. We are of the opinion that a covenant to repair the hot water tank cannot be implied from this provision. The payment of water charges is not equivalent to keeping the hot water tank in repair. Furthermore, nowhere in the record is there any evidence that plaintiffs, at any time previously, repaired the hot water tank.

Since the obligation to repair the tank was on the defendant as a matter of law, the failure to pay the full rent for the month of August 1966 constituted a material default of her obligations under the lease entitling the plaintiffs to possession of the premises.

The defendant's appeal is denied and dismissed and the judgment appealed from is affirmed.

*Benedetto A. Cerilli,* for plaintiffs.

*Paul J. Bordieri, John P. Bourcier,* for defendant.