373 A.2d 1196.

CANTON REALTY CO., INC. *vs.* THE HOME INSURANCE COMPANY *et al.*

JUNE 3, 1977.

PRESENT: Bevilacqua, C.J., Paolino, Joslin, Kelleher and Doris, JJ.

362

KELLEHER, J. The defendants in this Superior Court civil action are six different insurance companies, each of which had issued a fire insurance policy that contained the standard mortgagee clause which is mandated by G.L. 1956 (1968 Reenactment) §§27-5-2 and 27-5-3. The jury returned a verdict in favor of all the insurers. The trial justice, having reserved decision on the defendants' motion for a directed verdict, then granted the motion in favor of two of the insurers on the ground that their policies did not include the plaintiff as a loss payee. The plaintiff's appeal is limited to one issue, i.e., did the trial justice err when at the conclusion of all the testimony he denied the plaintiff's motion for a directed verdict. The plaintiff is before us in response to our order to show cause why its appeal should not be summarily dismissed.

The property insured in each policy was identical. It was a four-story, 30-plus-unit apartment house located in the city of Providence at 2 Providence Street. The owners of the property were Ernest Cormier and his wife Carol. The property was subject to a first mortgage held by Paul John and his wife and a second mortgage held by plaintiff. The record indicates that on March 8, 1969, a fire of suspicious origin destroyed the apartment house, and, as a result of the fire, plaintiff's president was charged in an indictment with some eight counts of arson. The plaintiff instituted this suit 4 years later in April of 1973.

Throughout this litigation the insurers have maintained that plaintiff could not maintain its action because it was

not timely filed. Each policy provides that "no suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and *unless commenced within twelve months next after inception of the loss.*" (Emphasis ours.) The plaintiff's president, Armand Procaccianti, both in an affidavit filed to counter and defeat the insurers' motion for a summary judgment and in his subsequent testimony before the jury, maintained that he had informed the insurers of his loss immediately after the fire and was told by their adjuster that he would be paid when and if he was cleared of the arson indictment. The indictment was dismissed around March 1973. The insurers' adjuster testified at trial and denied making any such promise. The jury obviously believed the adjuster. There was also evidence that the Cormiers had hired an adjuster, who in early April of 1969 prepared and presented an appraisal of the loss to the insurers' adjuster.

Each policy, in addition to setting a 1-year period in which to bring suit, also contained the "standard" stipulation, which provides that if the insured fails to render a sworn proof of loss within 60 days of the loss, the mortgagee, upon notice, shall make such proof within 60 days thereafter and shall be subject to all the policy provisions relating to appraisal, time of payment, and the bringing of suit. The plaintiff's motion for a directed verdict was based on its contention that the 1-year period for bringing suit did not begin to run until the insurers had notified it of the owners' failure to file a proof of loss. The purpose of our show cause order was to elicit from plaintiff its thoughts as to why its appeal should not be dismissed because of a failure to request a charge encompassing its theory relative to the insurers' duty to notify the mortgagee of the mortgagor's failure to file a proof of loss.

On reflection it is clear that plaintiff's failure to request such a charge in no way precludes it from raising this issue by way of a motion for a directed verdict. *Boccarossa* v. *Watkins,* 112 R.I. 551, 313 A.2d 135 (1973); *Ferro* v. *Ferrante,* 103 R.I. 680, 240 A.2d 722 (1968). While it is clear that we cannot fault plaintiff for seeking to raise this issue by way of a motion for directed verdict, it is obvious that the contention it now makes is meritless.

Just about a week before the plaintiff made its motion for a directed verdict, this court on April 14, 1976 published an opinion in which it pointed out that while the standard mortgagee clause in a fire insurance policy creates two separate contracts, one between the mortgagor and the insurer and the other between the mortgagee and the insurer, both the mortgagor and the mortgagee are bound by the 1-year limitation period for bringing suit on the policy. *Greater Providence Trust Co.* v. *Nationwide Mut. Fire Ins. Co.,* 116 R.I. 26, 355 A.2d 718 (1976). In taking this position, we relied upon the holdings of *Blanton* v. *Northwestern Nat'l Ins. Co.,* 335 F.2d 965, 969 (9th Cir. 1964), and *Sterling Sav. & Loan Ass'n* v. *Reserve Ins. Co.,* 63 Ill. App.2d 220, 222, 211 N.E.2d 412, 415 (1965), where the identical issue raised by the plaintiff's motion for a directed verdict was considered and rejected.

The plaintiff's appeal is denied and dismissed, and the judgment appealed from is affirmed.

*Albert B. Watt,* for plaintiff.

*Gunning, LaFazia & Gnys, Inc., Richard T. Linn, George E. Healy, Jr.,* for defendants.