DECISION
This matter is before the court on defendant Calvo's and defendant Le Blanc's respective motions for summary judgment pursuant to R.C.P. 56.
Facts/Travel
Plaintiff, Deborah Powers, the sole proprietor of Juliet's Balcony, is seeking damages as a result of a fire at her place of business in the Town of East Greenwich.
The Fire Department report indicates that the fire, which occurred on December 18, 1989, started in the ceiling of plaintiff's co-tenant, defendant Le Blanc ("Le Blanc"). The report states that a lighting fixture short-circuited, and the fire spread across the ceiling into plaintiff's premises. Le Blanc has indicated in interrogatory responses that the fire started after an employee noticed the fluorescent light go out and then turned off the light switch.
Plaintiff alleges that the smoke damaged her inventory to such an extent that she was forced to close her business. Plaintiff alleges that defendant Calvo ("Calvo"), owner of the building, breached his duty to keep the property in good repair by failing to maintain the electrical and heating systems. Plaintiff further alleges that Le Blanc breached his duty to maintain the electrical and heating systems in the premises he occupied.
Both defendants have moved for summary judgment, which for reasons set forth below, this court grants.
Summary Judgment Standard
Summary judgment is a drastic remedy that should be cautiously applied. McPhillips v. Zayre Corp., 582 A.2d 747, 749 (R.I. 1990); Rustigian v. Celona, 478 A.2d 187, 189 (R.I. 1984). Summary judgment should be issued when there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Alfano v. Landers,585 A.2d 651, 652 (R.I. 1991).
In passing on a motion for summary judgment, the trial justice must review the pleadings and affidavits in a light most favorable to the party opposing the motion. McPhillips, 582 A.2d at 749; O'Hara v. John Hancock Mutual Life Insurance Co.,574 A.2d 135 ( R.I. 1990). Nevertheless, the party opposing summary judgment may not rest upon mere allegations or denials in its pleading and has an affirmative duty to set forth specific facts showing a genuine issue of fact to be resolved at trial.Quimette v. Moran, 541 A.2d 855, 856 (R.I. 1988). Failure to set forth such facts will result in summary judgment entered against the party opposing the motion. Ardente v. Horan,117 R.I. 254, 257-58, 366 A.2d 162, 164 (1976).
Defendant Calvo's Motion for Summary Judgment
Defendant Calvo urges this Court to grant summary judgment on several grounds. First, Calvo argues that the exculpatory language in the lease bars plaintiff's claim. The pertinent section of the lease that Calvo relies on states:
 All property of any kind that may be put on or affixed to the demised premises by the tenant shall be at the sole risk of the tenant or those claiming by, through or under the tenant, and the landlord shall not be liable to the tenant or those claiming by, through or under it for any injury, loss of damage to any such property caused by fire, the elements, unavoidable casualty or any other cause whatsoever.
Calvo argues: "With the language [in this clause], the Plaintiff has unequivocally agreed that he could not be liable to her for any loss or damage of any kind as a result of fire or any other cause whatsoever." Calvo's argument misconstrues this lease provision, which is one paragraph of a lengthy section concerning fixtures. Plaintiff did not suffer damages solely to property "put on or affixed to" the premises. Moreover, in response to interrogatories, plaintiff lists damages to inventory and cleaning costs, but does not list damages to fixtures. Clearly, this clause is not a basis for granting Calvo's motion for summary judgment.
Calvo argues secondly that the lease required the tenant to have insurance, and by not having it, she breached the lease, thereby precluding recovery. This Court need not address the merits of Calvo's second argument because Calvo has failed to plead this defense. But even had Calvo properly pled this defense, the lease provides a remedy for such a breach by allowing the landlord to procure insurance and to charge the lessee for it.
Third, Calvo argues, without citing any legal authority, that there is no evidence he was negligent because there is no evidence he had any notice or knowledge of the defective light fixture in the ceiling of Le Blanc's premises. According to Rhode Island authority, a landlord must maintain those retained
portions of the leased premises in a reasonably safe condition for his tenants. Gormely v. Vartian, 121 R.I. 770, 780,403 A.2d 256, 261 (1979). Unless there is a written covenant or statute to the contrary, however, a landlord is not obligated to maintain the demised premises. Ferro v. Ferrante,103 R.I. 680, 686-87, 240 A.2d 722, 726 (1968). An implied covenant to repair arises only when the landlord has previously repaired the same structure or defect. Ferro v. Ferrante, id.
In this case, in reliance on Rhode Island law, the court agrees that Calvo did not have a duty to repair or maintain the light fixture in Le Blanc's premises which caused the fire.
Calvo and Le Blanc did not have a written lease, but had an understanding or agreement that Calvo would repair the premises as needed. The evidence of record suggests that Le Blanc hired an electrician to install the fluorescent light which ignited. Furthermore, there is no evidence that either Le Blanc or Calvo had any knowledge before the fire that the wiring was defective. There is no evidence that the fluorescent light had ever been repaired.
Thus, evidence before this Court supports Calvo's argument that he was not negligent. Calvo did not have a written agreement to repair wiring problems in Le Blanc's premises. Nor did Calvo have an implied covenant to repair the wiring because he had not previously repaired the fluorescent light which short-circuited, and he had no knowledge that it was defective. See Izen v.Winoker, 589 A.2d 824, 828 (R.I. 1991) (landlord responsible for maintaining sprinkler system which was located in part on the landlord's retained premises); Saritelli v. Industrial TrustCo., 84 R.I. 42, 48-49, 121 A.2d 329, 332-33 (1956) (landlord responsible for maintaining roof but not for maintaining ceiling). Moreover, the wiring was not part of the premises retained by Calvo. Therefore, summary judgment is granted in favor of Calvo.
Defendant Le Blanc's Motion for Summary Judgment
Le Blanc asserts that because of the oral agreement he had with Calvo in which Calvo would repair property as needed, Le Blanc was not responsible for the wiring that short-circuited and caused the fire.
Although this Court does not agree with Le Blanc that he was not responsible for maintaining the wiring, this Court agrees with his argument that there is no evidence he breached any duty. As discussed above, the duty of a landlord to repair the demised premises is determined by the existence of a written covenant or by a statutory requirement. Harbor Marine Corp. v. Briehler,
459 A.2d at 491. Such an express covenant will not be broadened by judicial construction. Id. An implied covenant to repair arises only when the landlord has previously undertaken to repair the complained-of property or fixture. Ferro v. Ferrante, 103 R.I. at 687, 240 A.2d at 726.
In the present case file there is no written lease between Le Blanc and Calvo, and there is no evidence that Calvo ever repaired the wiring. To the contrary, the evidence before this Court suggests that neither Le Blanc nor Calvo was aware that the wiring was defective. Further, as discussed above, the wiring was not a part of the premises retained by Calvo, but instead was located on the premises demised by Le Blanc. Thus, Le Blanc's argument that he had no duty to maintain the premises must fail.
Le Blanc next argues that he did not breach a duty to plaintiff because there is no evidence that Le Blanc had any notice or warning of the defective wiring. Absent a written covenant to the contrary, Le Blanc was required to maintain his premises in a state of reasonably safe repair. Ferro, 103 R.I. at 686-87, 240 A.2d at 726. However, there is no evidence before this Court that Le Blanc failed to maintain the wiring in a state of safe repair or "that any specific violation of due care by [Le Blanc] caused the fire." Izen v. Winoker, 589 A.2d at 828.
Le Blanc's motion for summary judgment is therefore granted.
Conclusion
Defendant Calvo's motion for summary judgment is granted on the basis that he did not have a duty to maintain the wiring in defendant Le Blanc's demised premises. Defendant Le Blanc's motion for summary judgment is granted on the basis that there is no evidence he breached a duty to repair the wiring.
Counsel shall submit the appropriate judgments for entry.